## Jarrett *against* Tomlinson.

.The plaintiff has a right to sell by execution the interest of his debtor, although the land on which the levy was made be in the adverse possession of another claiming under a paramount title; and, therefore, it is error in the court to stay the proceedings on that account.

In a *scire facias* to revive a judgment and *quare executio non*, it is improper to bring the terre-tenants on the record to try such paramount title; and if they are improperly introduced, the court on the trial ought to discharge the jury from giving a verdict as to them, as it would be of no effect on their title.

Discharging the jury as to the terre-tenants, is not a discharge as to such per-. sons in the capacity of heirs, and does not prevent their making defence as such.

THIS was a writ of error to the Common Pleas of *Montgomery* county, to remove the judgment and proceedings, but not the executions.

A summons in debt was issued in that court to May term 1838, by Jesse Tomlinson, assignee of Thomas Tyson, against Levi Jarrett, which was returned served, and the plaintiff obtained a judgment by default for want of appearance on the 3d of July 1838; debt and damages, $2288.98. A *fieri facias* was issued to November term 1838, which was levied on a messuage and 123 acres of land, situate in Upper Dublin township. On the 20th of November 1838, the court granted a rule to show cause, why the levy should not be set aside, proceedings to stay in the mean time, on the following affidavit filed by James White, and on the 3d of January 1839, the rule was made absolute.

· James White, intermarried with Lydia, one of the daughters of Mary Jarrett, now deceased, being duly affirmed, saith, that he is informed that the *fieri facias* issued in the above case has been levied on a messuage and 123 acres of land, situate in Upper Dublin township, in which the said Levi Jarrett the defendant has no interest whatever, but the title to which is in the heirs and legal representatives of the said Mary Jarrett, deceased, of whom the wife of your petitioner is one. That the said Levi Jarrett, the defendant, was seised of the tract of land now levied on, by virtue of the last will and testament of his father, and being so thereof seised, the said Levi Jarrett, and Mary, his wife, by deed of assignment, dated the 14th of April 1824, and duly recorded, did assign and transfer all their estate in the said premises to Joseph Williams and George Spencer, in trust for the benefit of his creditors, with full power to sell the same, and to make deeds, as by said assignment fully appears; and that, at public sale of the said premises, Tompkins Jarrett became the purchaser. That the said assignees, by their deed, dated the 1st of June 1825, con-

[Jarrett v. Tomlinson.]

veyed to the said Tompkins Jarrett all the right, title, and interest of the said Levi Jarrett in fee, as by their deed, duly recorded, will appear; and the said Tompkins Jarrett afterwards, by his declaration of trust, did covenant to stand seised of the premises to the use of Mary Jarrett during life, and after her decease to the use of the children and legal representatives of the said Mary Jarrett, as by the said declaration of trust duly recorded appears. That Thomas Tyson, the obligee in the bond upon which the judgment in the above suit was obtained, so being a creditor of the said Levi Jarrett, received from the assignees of the said Levi Jarrett, his regular dividends on said bond under said assignment, and after having received such dividends, assigned said bond to Jesse Tomlinson, the present plaintiff. That the said Levi Jarrett, as whose property the said land is taken in execution, has no right, title, or interest whatever in the same, nor has he had any interest therein since the conveyances aforesaid, but that the whole right, title, and interest in the said estate is in the heirs of Mary Jarrett, deceased, and not in the said Levi.

To August term 1839, a *scire facias* was issued to revive the judgment and *quare executio non*, by the same plaintiff against James White, administrator of Levi Jarrett, deceased, with notice to James White, and Lydia his wife, Andrew Yerkes, and Susan his wife, Abraham Kirk, and Caroline his wife, Eliza Jarrett, and the heirs and legal representatives of Tompkins Jarrett, deceased, who are the heirs of Levi Jarrett, deceased. This was returned served on Andrew Yerkes, Abraham Kirk, James White, and Eliza Jarrett, and on all the other heirs and representatives of said Levi Jarrett, deceased, by publishing a notice thereof in two newspapers in Montgomery county. The docket entry then was: September 19th, 1840, said terre-tenants severally plead payment, with leave to give the special matters in evidence, &c., and each of the said terre-tenants further pleads that the said judgment is no lien on any of the lands or tenements held by him or them. January 21, 1841, replication *non solvit* and that the said judgment is a lien, &c., and issues and trial. Defendant pleads *nul tiel record* and payment; replication there is a record, *non solvit*, &c. Terre-tenants further plead *nul tiel record :* replication there is such a judgment, and issues. And now, to wit, June 25th, 1841, a jury being called, there came (naming 12 men) who were severally sworn or affirmed according to law. And after trial in part, plaintiff asks the court to discharge the jury from giving a verdict as to the terre-tenants, which motion is allowed by the court, (the counsel of terre-tenants objecting) and then the defendant's counsel gave the plaintiff judgment *de bonis*, &c. for $2697.93, as per statement filed, and the court discharge the jury from giving a verdict.—*Judgment.*

A *fieri facias* was issued to August term 1841, and returned levied and condemned; and at that term the court granted a rule

to show cause why the levy and condemnation should not be set aside, and why the proceedings should not be stayed, agreeably to the prayer of the petitioner — the proceedings to stay in the mean time. The petition referred to was by James White, inter-married with Lydia, one of the daughters and heirs of Levi Jarrett deceased, to the Court of Common Pleas, stating that,

" The above stated execution has been levied on a messuage and 123 acres of land, situated in Upper Dublin township, as the property of said Levi Jarrett deceased, and that your petitioner is now informed that an inquisition has been held on the said levy, and that the land has been condemned at the present term; your petitioner represents that he had no notice whatever of the time and place of holding said inquisition of condemnation, nor had the heirs of Levi Jarrett any such notice, so far as your petitioner knows.

Your petitioner further represents, that in the *scire facias* issued in the above suit with notice to the heirs and terre-tenants, no verdict or judgment has yet been rendered against the heirs of said decedent, and therefore the judgment cannot legally be levied or paid out of the real estate of said Levi Jarrett or of his heirs.

Your petitioner further represents that the personal estate of the said Levi Jarrett deceased, is insufficient to pay all the just demands upon his estate, — the whole of said personal estate amounting only to about $40; whereas the amount against decedent, believed to be just, amounts to near $10,000.

Your petitioner therefore prays your Honours to set aside the levy and condemnation made under the above stated execution, and also asks that all proceedings upon said judgment be stayed until the administrator of said Levi Jarrett shall have made application to the proper Orphan's Court for an order to sell the real estate of the said decedent.—And he will pray," &c.

On the 10th November 1841, the condemnation was set aside for want of notice, at the cost of the plaintiff, and the latter part of the rule, to stay proceedings, was refused. An *alias fieri facias* was issued to November term 1841, which was returned levied and condemned. On the 22d of November 1841, on exception being read and filed, the court, on the motion of the defendant, granted a rule to show cause why the inquisition should not be set aside—proceedings to stay in the mean time. A *venditioni exponas* was issued to February term 1842, which was not returned when the writ of error came to hand.

The *alias fieri facias* issued to November term 1841, commanded the sheriff, that of the goods and chattels, lands and tenements, which were of the said Levi Jarrett, late of said county, deceased, &c., in your bailiwick you cause to be levied as well a certain debt, &c. The sheriff's return was, " *Levied on land and condemned*" — no levy whatever was endorsed, attached or accompanying the writ. The inquisition attached to the *fieri facias*

[Jarrett v. Tomlinson.]

stated, "that the rents, issues and profits of the *within described* property by me, the said sheriff, taken in execution by virtue of the said writ," are not of a clear yearly value, &c. But no levy whatever was endorsed, nor any description of property accompanying said inquisition.

Specification of errors:

1. The court erred in discharging the jury from giving a verdict on the issues joined by the terre-tenants.

2. In awarding execution to be levied of the goods and chattels, lands and tenements of said Levi Jarrett deceased, before there was judgment on any but one of the issues joined, and before the several issues in the case were disposed of.

3. In refusing to stay proceedings upon the execution issued, until the administrator of L. Jarrett deceased shall have made application to the proper Orphans' Court, for an order to sell the real estate of said decedent.

4. The several executions issued in this case are irregular, illegal and void.

5. The proceedings are, in other respects, irregular and illegal.

*Freedley*, for the plaintiff in error.
*G. Rodman Fox, contra.*

The opinion of the Court was delivered by

ROGERS, J.—In making the rule absolute, for staying proceedings on the *fieri facias*, the court committed a manifest error; for the plaintiff creditor had a right to sell the interest of his debtor, although the premises on which levy was made, were in the adverse possession of another claiming under a personal title. In consequence of the course pursued, there was no alternative but to issue a *scire facias*, and to warn the claimants as terre-tenants. On the trial however, it being perceived that the title could not be tried, the court retraced their steps by a special direction discharging the jury from giving a verdict as to the *terre-tenants*. Of this the plaintiff complains, but, we think, without cause. The terre-tenants were improperly brought on the record, at his instance; and it would have been useless to proceed with the trial, on that issue, when the verdict, result as it might, would have been of no service to either party. The only effect, whatever may have been the object of the party, has been to baffle and delay the creditor; and we cannot say that the court were wrong in putting an end to it at the earliest possible time.

The plaintiffs in error contend that, as *heirs*, they were prevented from making defence. But this is not so; for the court only discharge the jury as to the terre-tenants; and as to them only was issue joined. It is apparent, from the record, they had no defence, *as heirs*, and if they had, they were not prevented from asserting it. It is impossible to avoid seeing that the only controversy was

[Jarrett v. Tomlinson.]

as to the title under the alleged fraudulent conveyance, which he court ruled could not be investigated on the *scire facias*. After the jury were discharged, it appears from the record that the counsel for the administrators gave judgment *de bonis*, which disposed of all the issues. We should be ill employed in reversing a judgment for an irregularity caused by the party complaining; and when no wrong has been done. This is an answer to the 1st, 2d, 4th and 5th errors.

We give no opinion as to the 3d error, because there is no writ of error to the execution.

Judgment affirmed.