Moncure, J.
delivered the opinion of the court:
It is certainly true, as a general rule, that a contract *490 founded on an act forbidden by a statute under a penalty is void, although it be not expressly declared be so; and that no action lies to enforce it. - It is also true, that if such void contract be by deed, the Par^es fherefc° are not thereby estopped from showing the illegality of the act which makes the contract ygpp numerous authorities cited by the counsel for the defendant in error abundantly sustain the verity of these propositions. The main question arising in this case is, Whether a conveyance of a pretensed title comes under the general rule, and was made void by the operation of the act passed December 6, 1786, entitled “an act against conveying or taking pretensed titles?” 1 Rev. Code 1819, ch. 103, p. 375.
That act does not declare the conveyance void, but prohibits it under the penalty of forfeiture, both by the vendor and vendee, of the value of the land conveyed ; one moiety to the commonwealth and the other to him who will sue as well for himself as for the commonwealth; unless the vendor, or those under whom he claims, shall have been in possession of the same, or of the reversion or remainder thereof, one whole year next before; though it provides that any person lawfully possessed of land, or the reversion or remainder thereof, may take, or bargain to take, the pretensed title of any other person, so far, and so far only as it may confirm his former estate.
Not long after the passage of the act, and as early as 1802, its construction and effect were considered by this court in the case of Duval v. Bibb, 3 Call 362; and the court were of opinion that the act imposed a penalty, but did not avoid a conveyance. That such was the opinion of the court, does not appear from the case itself; but the fact is so stated by Judge Roane in Tabb v. Baird, Id. 476, 481, decided in the following year. Judge Carrington, in the last case, also declared that the act merely creates a penalty, and does not affect the right. The same opinion has *491 been expressed by some of the judges in several subsequent cases; as by Brooke, P. in Allen v. Smith, 1 Leigh 231, 254, and by Tucker, P. in Williams v. Snidow, 4 Id. 16, 17. Ho judge, so far as I have seen, has ever expressed a contrary opinion. The law is so laid down in our text books. 2 Tuck. Com. book 2,
р. 215; 2 Lom. Dig. p. 10 ; and has been so uniformly and universally regarded in Virginia. It has been approved by the legislature, as is shown by the fact that no law has ever since been passed to the contrary, although there have been two general revisions of the laws since this opinion has been thus authoritatively promulgated. In the latter of these revisions, that of 1849, the propriety of this opinion was strongly indicated, not only by the omission of the act of 1786, but by the adoption in the Code, ch. 116, § 5, p. 500, of a provision, that “ any interest in or claim to real estate may be disposed of by deed or will.” After all these judicial and legislative recognitions of this opinion, and after it has so long and universally been regarded and followed as a correct exposition of the act of 1786, it is now too late and would be attended with wide spread evil, to i-everse it; and it must therefore be regarded as the settled law of the land: especially as its propriety is now for the first time questioned, after the act itself has been repealed, and one of an opposite nature adopted in the Code.
But even if the subject were res integra, we think the opinion would be reasonable. The act of 1786 is substantially a re-enactment of the statute, 32 Hen. 8, с. 9, § 2 and 3. That statute was passed for a different age and country, and never suited the state of things existing here. It is justly characterized by an eminent law writer as a “ severe statute,” even without reference to any effect it might have in avoiding .the contract of the parties. 4 Kent’s Com. 447. And President Pendleton speaks of it in the same way in *492 delivering the resolution of the court in Duxal v. Bibb. Its literal import has been much restricted by subsequent decisions, even in England; one of which is the case of Partridge v. Strange, Plowd. R. 77, in which the subject was very fully argued and considered in the Court of common pleas a few years after the statute was passed. It has been held that the statute, does not extend to a conveyance of an equitable title or estate; Lord Eldon in Wood, v. Griffith, 1 Swanst. R. 43, 55 ; Allen v. Smith, 1 Leigh 231; nor to judicial or official sales ; Frizzle v. Veach, 1 Dana’s R. 216, 2 Id. 325; Jarrett v. Tomlinson, 3 Watts & Serg. 114; nor to mortgages or other securities. The state of things which occasioned the passage of the statute has long since ceased even in England, where it has in effect been repealed by 8 and 9 Viet. c. 106, § 6, which authorizes the alienation of rights of entry and other rights of action before inalienable. Reports of revisors, p. 602, § 5, and note t- It was no doubt embodied in our original Code out of abundant caution, in copying such of the old English statutes as were supposed to be applicable to our country. But it remained almost a dead letter upon the statute book until it was repealed, and a wholly different provision adopted in its stead in the present Code. We therefore consider it a reasonable construction of the statute which limits its effect to the penalty thereby expressly denounced, and leaves the conveyance to have such legal effect as it would, have at common law. That legal effect is that a conveyance of land in the adverse possession of another is void as to that other and all persons claiming under him, but valid between the parties. The law is so laid down in 2 Kent’s Com. 448; where it is said that this is the language of the old authorities, even as to a deed founded on champerty or maintenance. See these authorities cited in note (a,) and the eas.es there cited from 9 John. R. 55, and 9 Wend. R. 516. See also the case of Livingston v. *493 Proseus, 2 Hill’s (N. Y.) R. 526. The law may have been differently expounded in some of the states; but it will be found that in some of them, as in and Tennessee, a conveyance of land in the adverse occupany of a stranger to the contract, is expressly declared by law to be void. Chamberlin v. Steuart, 7 Dana’s R. 36 ; Wintersides v. Martin, 7 Yerg. R. 384. And it will probably also be found, that whenever a conveyance of land has been held to be void because it was of a pretensed title, the land was, at the time of the conveyance, in the adverse possession of a stranger.
The conveyance in this case not being void, it follows, as a necessary consequence, that the bonds given for the money which was the consideration of the conveyance, are not void. If the statute avoids any thing, it is the conveyance which it expressly prohibits, and not the bonds for the purchase money which it does not so prohibit. If the conveyance is valid, a fortiori are the bonds. It would be to the last degree unreasonable and unjust if the purchaser, who is generally at least as guilty as the vendor and often more so, and on whom the statute imposes the same penalty that it does on the vendor, should have and hold the land conveyed without paying any thing for it. This would be not to vindicate the law and effectuate its policy, but to give a premium to the chief offender, and to encourage dishonesty and fraud. It is not pretended in this case that there has been any failure of consideration ; that the purchasers did not get precisely what they contracted for, and in consideration of which, they bound themselves to pay the money; but they place their defense upon the ground that they and their vendors have violated the statute against conveying and taking pretensed titles. The answer is, “ The law you have violated leaves the conveyance to have its legal effect. You have got what you bargained for, and every principle of law as well as honesty requires you to pay what you agreed to pay for it.”
*494 The view which has been taken of the case renders it unnecessary to decide any other question arising It was maintained by the counsel for the plaintiff in error, that as the statute did not declare ^ie conveyance of the land, much less the bonds for ^ie Purc^ase money, void, the obligors in the bonds .could not defend themselves against their enforcement upon the ground that, ex cequo et bono, they did not owe them; but only upon the ground that it would be against the policy of the law to enforce them, and that in pari delicto potior est conditio defendentis: that if any such policy ever existed, it ceased by the repeal of the statute and the adoption of a new and different provision on the subject in the Code: that the pleas in which the defense was set up in this case, not having been filed until after the Code took effect, then showed no good cause for not enforcing the payment of the bonds: that it was competent for the legislature to authorize such enforcement; and a law to that effect, operating on the remedy and not upon the right, would not interfere with vested rights, nor impair the obligation of a contract, but on the contrary tend to enforce the contract: And that a law to that effect, is to be found in the provision adopted in the Code in lieu of the former statute against conveying or taking pretensed titles. We think there is great strength in this position; but whether it be sustainable or not, is a question which we need not now decide. We are of opinion, for the reasons stated, that the Circuit court erred in not sustaining instead of overruling the demurrer to the pleas numbered 2, 3, 4 and 5 ; and that the judgment must therefore be reversed.with costs, the demurrer sustained and the cause remanded to the Circuit court, to be tried upon the issue joined on the plea of payment.
Judgment reversed.