7  241<br>·135  444

## MILTENBERGER *v.* SCHLEGEL.

A mere direction to a devisee to pay a legacy does not create a charge on the land devised, but the devisee becomes personally bound by acceptance.

And though he be named as executor in an action for the legacy, that may be treated as surplusage, if a legal ground for personal liability is set forth in the *narr.*

And where *terre-tenants* are named, merely to charge their land, and the lands are not chargeable, though the jury has been sworn as to them, a verdict is properly taken against the defendant alone, whose sole personal liability was set forth in the *narr.*

Where facts are set forth in the *narr.* from which a legal liability arises, the want of an averment of such liability, or of a promise to pay, is cured by verdict.

Devisee, bound to pay a legacy, after a settlement of the amount due to the legatee, gave her a sealed acknowledgment of the settlement, and of the amount thereon found to be due. This does not operate as a merger of his previous liability, being but evidence of a settlement of the account.

IN error from the Common Pleas of Northampton.

*Dec.* 24. This was an action against Miltenberger, surviving executor of Miltenberger and the tenants of the testator's land. The declaration recited the summons of the defendant, and *terre-tenants*, and the will of testator, wherein he devised certain lands to Miltenberger, and directed that he should pay certain sums of money to persons therein named, among whom was the plaintiff. It then averred that Miltenberger became the surviving executor, and that the personal estate was more than sufficient to satisfy the debts of testator; that Miltenberger accepted the land devised, and with the *terre-tenants* took possession, and that he had not paid the legacy bequeathed to plaintiff, although often requested, &c.

The jury were sworn as to the defendant and *terre-tenants*, counsel objecting to their being joined. It was proved that, in 1842, Miltenberger went to the plaintiff's house for the purpose of having a settlement. He read from his book the charges of payments made, and the witness set down the amounts, to which plaintiff assented, and after calculations a balance was agreed upon, and he gave the plaintiff the following instrument:—

"December the 22, 1842, a settlement was made between J. N. Miltenberger, the executor of J. N. Miltenberger, deceased, and A. E. Schlegel, one of the heirs, and have settled all principal and interest, and I the undersigned remain indebted to Anna Elizabeth Schlegel the sum of two hundred and twenty-two dollars; this I acknowledge with my own hand and seal in the presence of witnesses.

"NICHOLAS MILTENBERGER, [L. S.]
"E. DIETTER,
"D. DIETTER."

On this was endorsed various calculations.

The plaintiff then gave him a receipt at his request, and on his declaration that it would only be evidence of a *settlement* made that day. The defendant then offered to read from a book, which he stated to be his book of original entries, charges for cash payments to the plaintiff, for the purpose of showing that there had been errors made in the addition at the time of the settlement. But there was no direct evidence this was the book he then read from, and the court rejected it.

The court (BANKS, J.) directed a verdict, if for plaintiff, to be against the defendant alone, and in favour of the *terre-tenants*.

The rejection of the book as evidence, the direction as to the

form of the verdict and recovery, though the legacy was no charge, were the errors assigned.

*Maxwell* and *Porter*, for plaintiff in error.—If the legacy was a charge on land, there could be no recovery, since the remedy is in the Orphans' Court: Downer *v.* Downer, 9 Watts, 60; and under this aspect only is the *narr.* good, since there is no averment of a personal liability, or of a promise to pay.

There is also an objection that the action is against him as executor, while the evidence shows personal liability exclusively, and these cannot be joined: 1 Chitt. Pl. 205; Strohecker *v.* Grant, 16 Serg. & Rawle, 237.

There was also a merger of the liability in the bond: Stewart's Appeal, 3 Watts & Serg. 476; Dewitt *v.* Eldred, 4 Watts & Serg. 422.

*Ihrie*, contrà.—There is a liability arising from the acceptance of the land; Lobach's Estate, 6 Watts, 169; and the ground of this liability is set forth in the declaration. As to the addition to the defendant's name, that is settled to be surplusage.

*Jan.* 8. BELL, J.—Though it does not clearly appear from the record in this case, as it is spread upon our paper books, it would seem John Nicholas Miltenberger, the devisee, had aliened some portion of the lands devised to him by the will of his father, before the institution of this action. Acting upon the notion that the legacies or sums of money which the testator directed his son and devisee, the defendant below, to pay, from time to time, to his other children, was a charge upon the land devised, the plaintiff below, pursuing the old form of action pointed out in McLanahan *v.* McLanahan, 1 Penna. Rep. 113, and other cases, sued Miltenberger as executor as well as devisee, and caused his alienees to be summoned as *terre-tenants* of the land supposed to be burdened with the charge. But it is clear, and indeed now admitted, that in assuming the legacy sued for to be so charged, an error was committed, for a devise of land, simply, accompanied by a direction to the devisee to pay certain sums to others, does not constitute those sums an encumbrance upon the devised lands, but they become a personal charge on the devisee, in respect of the land devised to him, which, by acceptance, he undertakes to discharge: Brandt's Appeal, 8 Watts, 198; Dewitt *v.* Eldred, 4 Watts & Serg. 422; Lobach's Estate, 6 Watts, 169. Had the plaintiff's original idea been correctly founded, this action could not be maintained, for it is settled, that since the act of 24th February, 1834, the

remedy to recover a testamentary charge on land is exclusively in the Orphans' Court. Downer *v.* Downer, 9 Watts, 60 ; Strickler *v.* Sheaffer, 5 Barr, 240.

As then the action has been brought in the proper tribunal having jurisdiction of the subject-matter, the question is presented, whether the irregularities which marked its inception so mar the proceedings as to bar.a recovery in it, against John Nicholas Miltenberger, on the ground of his personal liability? We are of opinion that they do not. The declaration sets out a cause of action against him, springing from his personal obligation, and though he is there named, as well as in the writ, as executor of the will of his father, this may be rejected as surplusage, for the rule is, that when an action is maintainable against an executor or administrator in his own right, naming him as executor or administrator is merely surplusage. It is the title to the cause of action set out, and not the addition, which is decisive of the question of the character in which he is to be regarded as party to the suit; Kline *v.* Guthart, 2 Penna. Rep. 490, and cases there cited; Bixler *v.* Kunkle, 17 Serg.& Rawle, 298; and the verdict will be moulded accordingly. It follows, that counting against Miltenberger in his double capacity of executor and devisee, furnishes no ground of fatal objection against the plaintiff's right to recover in this action, which could be taken advantage of either before or after verdict; for though an irregular statement of the cause of action, it is but such a deviation from the proper form as may be excluded from contemplation, in estimating the propriety of the remedy adopted.

Nor is the exception to the introduction of the *terre-tenants*, upon the record, better founded. It is true, they were improperly brought in on the return of the process, and, therefore, improperly' named in the *narr.;* but it is observable that no breach of duty or obligation is averred against him, nor are they called upon to pay any thing. They seemed to have been named merely *pro formâ*, and the court below might very properly have entertained the objection raised by the counsel for the defendants below, against swearing the jury as to the *terre-tenants.* But having done otherwise in the commencement of the trial, doubtless from misapprehension of the nature of the plaintiff's claim, there was no impropriety, when the mistake was subsequently discovered, in directing the jury to discharge them by their verdict. They were summoned merely in respect of the land held by them, and it is settled by Jarrett *v.* Tomlinson, 3 Watts & Serg. 114, that if parties be improperly introduced as *terre-tenants,* the jury may be discharged as to them.

There is no substantial difference between that course and discharging the *terre-tenants* by verdict of the jury. To be sure, Jarrett *v.* Tomlinson was a *sci. fa. sur* judgment, and this is an action *ex contractu*, arising from the legal obligation of the devisee. But the rule which requires a joint action founded in contract, to be sustained against all the defendants or none, has no application here, for the persons brought in as *terre-tenants* were really not parties, properly speaking, nor attempted to be charged as such. They were in fact foreign excrescences upon the proceeding, and might and ought to have been disregarded altogether, on the trial of the cause, by discharging the jury of them. I have already intimated that taking a verdict in their favour may be regarded as a mode, though not the least objectionable, of doing this. The case is a peculiar one, as it stood in the Common Pleas, and in sustaining the practice pursued there, we are anxious not to be understood as sanctioning a disregard of the settled forms of action, or the introduction of incongruities in the modes of pleading. Regarding Miltenberger as in truth the only party defendant in the action, and the declaration as being substantially against him alone, we think the suit may be sustained without any flagrant violation of settled rules.

Objection has been made here, to the form of the declaration, and it is certainly defective in not setting out a promise by Miltenberger to pay the plaintiff, in consideration of his acceptance of the devise, or at least expressly averring a legal obligation to do so. But this is a defect which is cured by the verdict, for, at most, it is but a defective statement of a good title to sue, and not the setting out of a bad one.

It remains to consider the bill of exception taken by the defendant below, to the rejection of the book of original entries offered by him, and the effect of the paper of the 22d December, 1842, upon his right to recover in this action. As to the first of these, we think the ruling of the court was right. The book was, certainly, not of itself evidence of money paid, and it lacked the requisite identification to show it was the same book as that used on the occasion of the settlement between the parties.

As to the instrument of the 22d of December, I cannot perceive, from the paper book, it was brought to the notice of the court as interfering with the form of action adopted. No points appear to have been submitted to the court with a prayer for instruction upon the subject, nor does the president judge say any thing in his charge in relation to it. Under these circumstances, we might

x 2

properly refuse to notice the objection raised here, as it would appear, for the first time. But as we entertain a decided opinion of the character of the paper, we have no objection to express it. It is true, the acceptance of an executor's or devisee's bond by a legatee, operates to extinguish the legacy, and thereby limits the party to his action on the bond; Stewart's Appeal, 3 Watts & Serg. 476; Dewitt v. Eldred, 4 Watts and Serg. 422; but we do not regard the paper in question either in the nature of a bond or other distinct obligation to pay a sum certain to the legatee. It is rather the evidence of the settlement had between the parties to ascertain how much of the sum bequeathed to her remained due and payable. It was not intended to supersede the original liability, but simply to ascertain its extent. The fact that a scroll, in the form of a seal, was appended to it, cannot operate to change its character of a simple statement not designed to assume the form of positive obligation.

We have thus reviewed all the objections raised upon the record, and find none that would justify a reversal of the judgment.

Judgment affirmed.