Pearson, J.
 

 It is admitted, that the sum of $100, which the testator directed his executor to pay to the plaintiff, Juliann, has been paid. This sum, therefore, is out of the case.
 

 The defendants Lot S. Humphrey, Penn and his wife Eldah, Jacob Doty and his wife Minerva, Samuel Doty and his wife Susan, and William Pollock and wife Olive, are respectively liable and must be decreed to pay to the plaintiffs the sum of $100 each, and the four first named are to pay interest on the said $100, from the time that the plaintiff, Juliann, arrived at the age of eighteen years. The defendants Pollock and wife must pay interest upon the 'said $100 from the time the said Olive arrived at the age of twenty one years.
 

 The next question is, as to the secondary liability, in the event that the amount cannot be made out of the parties above named*
 

 
 *210
 

 First:
 
 It was insisted, that the defendant William Humphrey was liable, because it was his duty not to pay over the legacies, until the said sums of $ 100 were paid by the legatees respectively. We do not think this duty was imposed on him by the will. The testator gave' the several legacies to his children and imposed
 
 on them
 
 the trust or charge of paying to the plaintiff, Juliann, the said sum of $100 each, when she arrived at the age ot eighteen years* with the exception of Olive, who was to pay the $100 charged on her legacy, when she arrived at the age of twenty one. The only duty imposed on the executor in this be. half was to pay the $100, which, it is admitted, he has paid.
 

 Second:
 
 It was insisted, that the defendant William Humphrey washable, because he had purchased
 
 with notice
 
 some of the negroes and land of the legatees and devisees, charged with the trust of paying the $100. No question can be made as to his having notice. As to the
 
 $100 and
 
 interest payable by Jacob Doty and wile Minerva, he is .clearly liable. He admits he has a contract for the land devised to the said Minerva; and Owen Huggins proves, that he purchasedfrom Jacob Doty and'wife two of the negroesj which they took under the will; and the $100 w,as a ■charge upon the land and negroes. As to the $100 and interest payable by Lott S, Humphrey, this is a- trust and charge' upon all the land, which the said Lott S. took under the will of his father, and which he conveyed to the defendant Williams. ' But in 1820, Lott Humphrey; Sr., made: a deed of gift of certain land to the said Lott S. By his will in 1823, he confirms this gift, subject to the charge, and as it appears from the face 'of the will, devised to him certain other land acquired after the making of the deed of gift. : If this land, acquired after the date of the deed of gift, 1st January 1820, is of value sufficient to pay the $100 and interest, fh!d defendant William- Humphrey, to whom-it has been transferred, is liable for the amount; and. .the enquiry.
 
 *211
 
 whether he is chargeable by reason of the land contained in the deed of gift of 1st of January 1820, will be unnecessary.
 

 The'canse upon this point will, therefore, be reserved for further directions; and there must be an enquiry as to the value of the land devised, which is not included in the deed, of 1st of January 1820.
 

 Per Curiam. Decree accordingly.