HENRY WILLIS, *Adm'r, versus* JOSEPH S. ROBERTS & *als.*

A devise, payable " at the termination of the widowhood" of the wife of the testator, is an absolute devise, and does not lapse by the death of the devisee before it becomes payable.

A legacy to a married woman, before the recent statutes, did not vest absolutely in her husband.

During her life, he could maintain an action for it in their joint names, but, after her death, her administrator alone could recover it by action.

Where real estate is devised, charged with a legacy to another person, the devisee, by accepting the devise, becomes liable in an action of assumpsit for the legacy.

ON AGREED STATEMENT. ASSUMPSIT to recover the amount of a legacy alleged to be due from the defendants to the plaintiff's intestate.

Joseph Roberts died Sept. 13, 1835, seized in fee of certain real estate. By his will, which was admitted to probate in October, 1835, he devised the real estate to his wife, during her widowhood, and afterwards to the defendants, in fee, " they paying thereout" to each of his three daughters, (including the plaintiff's intestate, then under coverture,) the sum of two hundred dollars. He also devised two hundred dollars to each of his daughters, " to be paid to them respectively, from the real estate devised to their said brothers [the defendants] after the termination of the widowhood" of his wife.

His wife assented to the provisions of his will, and occupied the real estate until her death, which took place Oct. 20, 1845. After her death, the defendants occupied the land as tenants in common, claiming it under the devise.

The plaintiff's intestate died February 5, 1839, leaving one child and a husband, both still living. The plaintiff was appointed administrator, Dec. 21, 1858, and duly demanded said legacy of the defendants, which had never been paid.

Upon this statement, the Court was to render judgment according to the legal rights of the parties.

*Willis, pro se.*

*Shepley & Dana,* for defendants.

I. The legacy of the plaintiff's intestate was only to take effect upon a contingency, which, in fact, never occurred; it was to be paid to intestate upon the death of her mother. This was made impossible by her own decease during the lifetime of the mother. The legacy never attached.

II. If it ever became payable, it was *payable out of the proceeds of real estate devised to defendants.*

The case finds that the real estate has not been sold, but still remains in defendants, and no proceeds have been received by them and the action is premature.

III. If not premature, it is misconceived.

If the plaintiff is entitled to bring an action it should have been in equity, where the Court could grant relief in such a way as not to be inequitable to defendants.

IV. But at the time of the devise, as well as at the time of the mother's decease, the plaintiff's intestate was under coverture.

Whether, therefore, the legacy accrued at the death of the testator, or of the tenant for life, it was a *chose in action* and vested immediately and absolutely in the husband, in whose name the suit, if any, should have been brought. *Goddard* v. *Johnson*, 14 Pick., 352; *Hapgood* v. *Houghton*, 22 Pick., 480. This is not altered by our statute. *Mace* v. *Cushman*, 45 Maine, 250.

The opinion of the Court was drawn up by

GOODENOW, J.— This is an action of assumpsit to recover the amount of a legacy alleged to have been due the plaintiff's intestate, Harriet N. Knight, in her lifetime. By the will of Joseph Roberts, her father, duly proved and allowed, he bequeathes to each of his daughters, Sarah Briggs, Harriet Newall Knight and Frances Woodbury Roberts, the sum of two hundred dollars each, to be paid them respectively from the real estate devised to their said brothers, after the termination of the widowhood of his said wife. The defendants are the brothers of said Harriet. Their father, Joseph Roberts, devised certain real estate to his wife, during the time that she should remain his widow, and afterwards to his three sons, the defendants, equally in fee, they paying thereout, to each of his daughters, the sum of two hundred dollars each.

The bequest was absolute, and the right of Harriet became vested at the death of her father. The time of payment was uncertain, and depended upon the termination of the widowhood of her mother, which might be either by a second marriage or by death; in the lifetime of Harriet or after her decease. In fact, it was after her decease. The defendants accepted the devise. They took it *cum onere.*

They thereby undertook to pay, and became bound to pay the legacies to each of the daughters, or their legal representatives. If they had refused to accept the devise, the land would have descended, as intestate property, to all the heirs, and Harriet, or her representatives, would have been entitled to her share of it, instead of money. *Bowker* v. *Bowker*, 9 Cush., 521.

"The law, operating on the act of the parties, creates the duty, establishes the privity and implies the promise and obligation on which the action is founded." 7 Cush., 340.

The husband of Harriet did not reduce the legacy to possession in her lifetime. The plaintiff must have judgment for the sum of two hundred dollars and interest on the same from October 20, 1845, when the same would have been payable to his intestate, if she had been then alive.

TENNEY, C. J., and CUTTING, J., concurred in the opinion that the action was maintainable.

DAVIS, J. — The legacy, in this case, was absolute. There was nothing contingent but the *time of payment*. The event on which it depended was certain to occur. Therefore the legacy did not lapse by the death of the legatee, before it became payable. The right to it *vested in her* on the death of the testator. *Fay* v. *Sylvester*, 2 Gray, 171.

But the legatee being then *under coverture*, it is contended that the legacy did not vest *in her*, but, that it vested absolutely in *her husband*. Such was held to be the law in the case of *Commonwealth* v. *Manly*, 12 Pick., 175. And, in the case of *Goddard* v. *Johnson*, 14 Pick., 352, the husband recovered a legacy given to his wife during coverture, in a *suit in his own name*.

The doctrine laid down in the case of *Commonwealth* v. *Manly*, was doubted or denied in New Hampshire. *Parsons* v. *Parsons*, 9 N. H., 309, 321; *Coffin* v. *Morrill*, 2 Foster, 352. It is not the law in other States, nor in England. *Blount* v. *Bestland*, 5 Ves., 515. The American authorities are collected in the editor's note. The rule was elaborately

considered in Massachusetts in the case of *Hayward* v. *Hayward*, 20 Pick., 517, where it was held that a *chose in action*, given to the wife during coverture, *does not* vest in the husband, until he reduces 'it to his own possession. This might be understood as *overruling* the previous cases; but the case of *Goddard* v. *Johnson,* 14 Pick., 352, was expressly *affirmed* in *Hapgood* v. *Houghton,* 22 Pick., 480. If this decision is correct, and the husband, after the death of his wife, may, by a suit *in his own name,* recover a legacy given to her during her coverture, then *her administrator,* as in the case at bar, cannot maintain a suit therefor.

I think the cases in Massachusetts are in conflict with each other, and that the law is correctly stated by DEWEY, J., in *Hayward* v. *Hayward,* 20 Pick., 517. The husband, as the law *then* was, might collect, assign, or release a *chose in action* belonging to his wife; but, until reduced to his possession, or her right was otherwise barred, it remained her property, and did not go to his representatives, upon his decease, but did go to hers, upon her decease.

In case of *her* decease before her husband had reduced such *choses in action* to his own possession, under the statute of 22 and 23 Charles II., relating to the distribution of estates, which was reënacted in New York and some other States, the husband had the right to administer on his wife's estate, and collect debts due to her *for his own use.* But this statute was never enacted in Massachusetts. The husband might administer upon the estate of his wife; but *her* heirs at law were entitled to her property. Statute of March 9, 1784.

But this provision was repealed by the Act of March 12, 1806, and the whole of the *personal* estate of the wife, after paying her debts, was given to her husband, if he survived her. The same provision was incorporated into our statutes of 1821, c. 38, § 19; and, again, into the R. S. of 1841, c. 93, § 16. This provision was in force at the time of the death of the plaintiff's intestate, which occurred Feb. 5, 1839. By it her husband became entitled to all of her personal estate. But he could claim only through the statute of distributions.

And I am of the opinion, though she died before the statutes of 1844 and 1848, that her *choses in action* cannot be collected by her husband, in *his own name*. This suit is, therefore, well brought by the administrator of her estate, and he is entitled to recover.

APPLETON and KENT, JJ., concurred in the opinion drawn up by DAVIS, J.