## BETSEY DOOLITTLE *vs.* LOIS H. HILTON.

*Devisee personally liable for legacy upon land accepted by him.*

The bequest to the plaintiff is a charge upon the land devised to the defendant; but the provision for its payment out of the proceeds of the sale of the lot is merely directory, and not mandatory. .

The defendant having taken possession of "the plains lot" devised to him, immediately after the will was probated, and being sole legatee of all the testator's estate, both real and personal, subject to the charges upon the plains lot, thereby accepted the bequest, and, after this lapse of time, is liable to pay the plaintiff's legacy, whether he has sold the plains lot or not.

ON REPORT.

ASSUMPSIT to recover a legacy bequeathed to the plaintiff by her late father, James M. Hilton, who by his will gave his whole estate to his widow, the defendant, subject to this and two or three other small legacies, which were to be paid out of the proceeds of the sale of a parcel of land called "the plains lot," unless

he sold it in his life-time; in which case they were to be paid out of his general estate. The will was dated November 5, 1867. Mr. Hilton died September 11, 1868, leaving Mrs. Hilton his executrix, the plains lot being then unsold. Mrs. Hilton entered into occupation of that together with the rest of the estate, but did not pay this legacy. The will was admitted to probate November 4, 1868, and this action was brought October 24, 1871, the plains lot remaining unsold. Upon an intimation that this suit could be maintained, the defendant submitted to a default, which was to stand or be taken off as the law and facts require.

*J. H. Webster*, for the plaintiff.

*S. D. Lindsay*, for the defendant.

DICKERSON, J. By the second item in the will of the testator he bequeathed to the plaintiff the sum of twenty-five dollars, which with certain specific bequests in money to other persons, he directed "to be paid out of the proceeds of the 'plains lot' so called."

The third item in the will is as follows: "As to all the rest, residue and remainder of my estate, both real and personal, I give, bequeath and devise the same to my beloved wife, Lois H. Hilton." This bequest is made subject to certain charges and conditions which are not material in the case before us.

We think that the bequests named in the second item of the will were intended to be charges upon the "plains lot," and that the provision for their payment is rather directory than mandatory. The testator obviously had the security of those bequests in his mind when he made that provision. There is no devise of the "plains lot" in that item of the will. It was the right of the defendant to pay those legacies and keep the "plains lot," or to sell that lot and pay them out of the proceeds; their payment in either mode satisfied the requirements of the will, the defendant being the sole residuary legatee of all the estate of the testator, both real and personal, under the third item of the will.

The defendant having taken possession of the "plains lot" immediately after the probate of the will, and sold off some of the second growth, thereby accepted the bequest, and, after this lapse of time, is liable upon both principle and authority to pay the plaintiff's legacy, whether she has sold the "plains lot" or not. *Willis* v. *Roberts et als.,* 48 Maine, 259; *Smith* v. *Lambert,* 30 Maine, 137; *Greenough* v. *Welles,* 10 Cush., 576; *Swasey* v. *Little,* 7 Pick., 296. *Judgment on the default.*

APPLETON, C. J., BARROWS, DANFORTH and VIRGIN, JJ., concurred.