## BURCH v. BURCH.

WILL.—*Legacy Charged on Land Devised.*—A devisee who has accepted real estate devised to him is personally liable for the payment of legacies expressly charged thereon.

VENDOR AND PURCHASER.—*Obligation of Grantee Under Stipulations of Deed.* Stipulations contained in a deed of conveyance of real estate, to be performed by the grantee, are not obligatory upon him unless he accepts the conveyance.

From the Fayette Common Pleas.

*G. T. Cresswell, F. S. Swift, W. Morrow, N. Trusler* and *J. A. Henry,* for appellant.

*T. B. Adams, F. Berry* and *H. Berry,* for appellee.

DOWNEY, J.—This action was by, and the judgment in favor of, the appellee against the appellant. The questions presented for decision are as to the sufficiency of the third paragraph of the complaint on which the finding and judgment were predicated, and the correctness of the ruling of the court in refusing to grant the defendant a new trial.

The third paragraph of the complaint alleges, in substance, that, in 1853, William Burch died testate; that the will was duly probated on the 24th day of June, 1857; that, by the terms of the will, the testator bequeathed to plaintiff three hundred dollars to be paid three years after the death of the testator, and five hundred dollars to be paid to him in two years after the death of the testator's widow, the said sums to be paid by the defendant, and made a charge on the real estate mentioned in the will and devised to the defendant; that the defendant elected to and did take under the will and enter into possession of the real estate, and still holds the same; that the testator has been dead more than three years, and his widow more than two years; that said sums of money are due and remain wholly unpaid, and the defendant refuses to pay the same, although often demanded of him since they became due. Wherefore, etc.

The question is whether or not the defendant is personally liable to the plaintiff for the sums of money given to

the plaintiff in the will, or whether the plaintiff must proceed to collect the same by making them a charge upon the real estate devised, and selling it for the payment of the same. This question is also presented by the assignment relating to the overruling of the motion for a new trial.

It was stated in *Lindsey* v. *Lindsey*, 45 Ind. 552, that it is well settled that a devisee, who has accepted real estate devised to him, is personally liable for the payment of the legacies exclusively charged thereon. The following authorities cited in that case support the proposition:

*Dodge* v. *Manning*, 11 Paige, 334; S. C., 1 Comst. 298; *Elwood* v. *Deifendorf*, 5 Barb. 398; Willard Equity, 488, 489. We refer, also, to *Fuller* v. *McEwen*, 17 Ohio St. 288.

In the last named case, the defendant was the residuary legatee to whom the testator had devised and bequeathed all the residue of his property, real and personal, out of which he was to pay all the debts of the deceased. The defendant had accepted the provision made for him in the will, and the action was against him personally. The court held that the defendant was personally liable upon his promise implied by the law from his acceptance of the bequest charged by the will with the payment of the debts. Reference was made to *Gridley* v. *Gridley*, 24 N. Y. 130.

In the third paragraph of the answer, the defendant alleged that the matters set forth in the third paragraph of the complaint were finally settled and paid, as shown by a deed of certain real estate, executed by the defendant to the plaintiff, dated the 20th day of December, 1858, a copy of which is filed.

This deed was read in evidence on the trial, in behalf of the defendant, and is set out in an amended transcript. It is claimed that it shows a satisfaction of the bequests to the plaintiff. We set out the deed. It is as follows:

"John A. J. Burch and Ellen Jane Burch, his wife, of," etc., "convey and quitclaim to Charles M. Burch, of," etc., "all their right, title and interest in and to the following described lands, in," etc., "to wit:" (Here a tract of land

of seventy-seven and forty-three hundredths acres is described, and the deed proceeds to say) "subject to the payment of the following annuities, which the said Charles M. Burch assumes and agrees to pay, and which are to be a lien upon and operate as a mortgage upon the real estate hereby conveyed, to wit: to Sarah Burch, widow of William Burch, deceased, the sum of sixty dollars annually, during the natural life of the said Sarah Burch, beginning at, and to be paid within, one year from the 1st day of March, 1858, and also to allow the said Sarah Burch to have one-half of the necessary firewood off the lands hereby conveyed; and also to pay to Sarah Ann Noah the sum of three hundred dollars, according to the last will and testament of said William Burch, being the legacy devised to her by said will, and made a charge upon all the estate of said testator, and to procure from the said Sarah Ann Noah a receipt against said legacy," etc.; "and also to pay Jerome Burch the sum of one hundred dollars; and to Amanda Barnsby, Edwin Barnsby and Nancy Barnsby the sum of sixty-six dollars and sixty-six and two-third cents each, according to the will of said William Burch, deceased," etc., "made a charge on all the real estate of said deceased," etc., "the condition of this conveyance being the conveyance, by the said Charles M. Burch to the said John A. J. Burch, of lands in said quarter section, of the value of four thousand dollars, the assumption of the payment by the said Charles M. Burch of the legacies and annuity in this deed mentioned, and the further consideration of a final settlement between Charles M. and John A. J. Burch of all accounts, claims and demands existing between them up to the date of this conveyance."

It appears in the evidence that the testator, William Burch, died June 24th, 1857, and that his wife died January 28th, 1867. The two hundred dollars to be paid by the defendant to the plaintiff became payable in two years after the decease of the testator, that is, June 24th, 1859; and the three hundred dollars, to be paid in three years after the

death of the widow, became due January 28th, 1870.    The deed is dated December 20th, 1858.

We have considered the question whether the language of the deed would embrace the claim in question or not, and the members of the court are not all agreed with reference to it. There is a second ground, however, on which we agree that the question must be decided against the appellant.

The second reason is, that the deed purports to have been made by the defendant to the plaintiff.    The plaintiff is not a party to the deed by executing it.    He, at most, could become bound only by accepting the deed and the estate to be conveyed thereby.    If it be assumed that the acceptance by him of the estate mentioned in the deed would make it obligatory on him to pay the amounts and perform the acts named in the deed, which we are inclined to admit, still he could not be so bound unless he did so accept.    But there is no evidence to show that the deed was ever delivered to him, or that he accepted it, or entered upon the land, or ever made any claim whatever under the deed.    We think the court committed no error in not allowing the deed as proof of the satisfaction of the money for which the plaintiff sues.

As the judgment is only for four hundred and sixty-four dollars and fifty-eight cents, not an amount equal to the principal of the two amounts mentioned in the will, we may probably infer that it was for the last amount of three hundred dollars, with interest thereon.    But it is immaterial how this may be in point of fact.

The judgment is affirmed, with five per cent. damages and costs.

Petition for a rehearing overruled.