## Haworth's Appeal.

1. Where a testator charges a devisee with the support of a poor person,
the charge is personal as to the devisee, and cannot be enforced against
the real estate in possession of the heirs of said devisee.

2. In order to enforce payment of a legacy out of real estate devised,
where the legacy was not expressly charged on said real estate by the
testator, it must be made to appear by necessary implication from the
words of the will that such was the testator's intention.   An inartistically
drawn clause in the will which, as it stands, is insensible, cannot be
construed so as to effect the above-stated result.

February 18, 1884.   Before MERCUR, C. J., GORDON, PAX-
SON, TRUNKEY, STERRETT and GREEN, JJ.   CLARK, J., absent.

APPEAL from the Orphans' Court of *Lehigh county :*  Of
July Term, 1882, No. 104.

Appeal of William R. Haworth et al. from a decree of the
said court, overruling their exceptions to the report of a com-
missioner appointed in the matter of a petition of Lydia
Dover, deciding that certain land in possession of the appel-
lants was subject to a testamentary charge, under the will of
David Ditlow, deceased, for the support of said Lydia Dover,
and requiring the appellants to pay a certain sum to the
representatives of said Lydia Dover.

The petition of Lydia Dover set forth that her father, David
Ditlow, deceased, by his will, devised, inter alia, as follows :

"Item 7. It is my will, and I do hereby order, give and bequeath unto my granddaughter, Marion Dover, a child of my daughter Lydia, all the remainder of my real estate that may be left unsold or remains by my wife Mary after her decease forever, (except and reserve five acres of land will be mentioned in Item eight,) the said Marion shall support and maintain her said mother during her natural life, if she should come into circumstances that she cannot support or provide for herself; and further, in case the said Marion shall die without lawful heirs, then the above mentioned real estate shall go to her lawful brothers and sisters, and he or they shall his or their mother on the above said support or maintenance provide for her."

That said Marion has since died, leaving a husband, William R. Haworth, and children surviving her, who are in possession of said real estate as her heirs; that the petitioner cannot support or provide for herself; and praying that an order be made for her support and maintenance out of the said premises.

The court granted a rule on said William R. Haworth et al., and referred the matter to a commissioner (John Rupp, Esq.,) who filed his report, holding that the provision in the seventh item of David Ditlow's will for the support of Lydia Dover, was a charge on the lands thereby devised to Marion Dover, and recommending a decree that the respondents, being the present owners of the said premises, pay to the petitioner the sum of $1,375, for her support and maintenance up to the time of making the report, and the further sum of $4.50 per week for her future maintenance and the costs of the proceeding; or in default thereof that the said premises be sold for the purpose of paying the same.

The petitioner died one month after the filing of the commissioner's report.

Exceptions filed to said report by William R. Haworth et al., were overruled by the court, and a decree was entered requiring the exceptants to pay to the administrator of Lydia Dover, deceased, the amount reported to be paid by the commissioner, with one month's additional provision, to the date of Lydia Dover's death, viz., $1,393, with costs, within sixty days, and upon failure so to do, that a writ of execution in the nature of a fieri facias issue to sell the said premises for the purpose of paying the same and costs.

William R. Haworth et al. thereupon took this appeal, assigning for error, inter alia, the said decree.

*John D. Stiles*, (*Harry G. Stiles* with him,) for the appellants, contended the provision for the support of Lydia Dover

contained in the will of David Ditlow did not constitute a legacy charged upon or payable out of the real estate devised to Marion Dover.

*R. E. Wright & Son,* for the appellees.

Mr. Justice PAXSON delivered the opinion of the Court, March 17, 1884.

The principal question presented by this record is, whether the provision for the support of Lydia Dover contained in the will of David Ditlow, is a charge upon the land devised to Marion Dover.

The language of the will is as follows : "It is my will and I do hereby order, give and bequeath unto my grand-daughter Marion Dover, a child of my daughter Lydia, all the remainder of my real estate that may be left unsold, or remains by my wife Mary, after her decease, to her forever . . . . . and said Marion shall support and maintain her said mother during her natural life if she should come into circumstances that she cannot support or provide for herself; and further, in case the said Marion shall die without lawful heirs, then the above said mentioned real estate shall go to her lawful brothers and sisters, and he or they shall his or their mother on the above said support or maintenance provided for her."

The law is thus clearly stated by the late Chief Justice SHARSWOOD in Cable's Appeal, 10 Norris at page 329: "It is well settled that a mere direction by a testator that a devisee shall pay a legacy does not thereby create a charge on land. There must be something more,—express words or necessary implication from the whole will that such was the intention."

There are no words in this will which amount to an express charge upon the land. There is a devise to Marion Dover and a direction that she shall provide a support for her mother if she shall need it. This is no stronger than the words of the will in Hamilton *v.* Porter, 13 P. F. S., 332: "I will that S. H. H. is to take the land and pay $700 to each of my within named heirs," or in Buchanan's Appeal, 22 P. F. S., 448, where the devise was to W., "he paying the legacies," in both of which cases this court held that there was no charge upon the land. In Cable's Appeal, supra, the testator devised his farm to his two sons, John and Edward, but they "are to pay" added the • testator, certain specified legacies to his four daughters, and they "are to find a house for my wife Sarah and daughter Harriet and keep and clothe them, also, to provide for them everything that is necessary for their comfort as long as they shall live or remain unmarried." It was held by this court that this did not amount to a charge upon the land, but was a

mere personal charge upon the sons in case they accepted the devise.

So far the case is free from difficulty. It was urged however that the last portion of the above recited paragraph of the will shows an intention on the part of the testator to create a charge running with the land. It is true the will provides that in case the said Marion shall die without lawful heirs, the real estate in question shall go to her lawful brothers and sisters " and he or they shall his or their mother on the above said support or maintenance provided for her." The[a] language quoted is obscure, and its meaning can only be arrived at by supplying words not contained in the will. But conceding the construction claimed for it by the appellees, does it amount to a charge upon the land? Does it impose any burden upon the land in the hands of the brothers and sisters in case of Marion's death without lawful heirs, that was not imposed upon it during Marion's lifetime? It is clear from all the authorities that as to Marion it was a mere personal charge in case she accepted the devise. We regard it as equally clear that the testator intended by the devise to her brothers and sisters that the latter should take the land precisely as Marion held it, viz., subject to a personal charge for their mother's support. They would have been personally liable for such support had they taken the land under the devise. It was easy for the testator to have expressly charged this land for Lydia Dover's support if he had intended it. He did not do so, and we are of opinion that no such charge results by necessary implication from his will. To create a charge upon land, we must have something better than a guess or mere possibilities.

Marion Dover having died leaving a husband and children surviving her, the brothers and sisters never took under the will. The charge being personal as to Marion, ceased at her death, and cannot be enforced against the land in the hands of her heirs. This renders a discussion of the remaining questions unnecessary.

> The decree is reversed and the petition dismissed at the costs of the appellees.