Filed May 23, 1893.

———————————◆———————————

No. 16,286.

HASKETT *v.* ALEXANDER, BY DONHAM, GUARDIAN.

WILL.—*Construction of.*—*Precatory Trust.*—*Devisee to Pay Certain of Proceeds of Sale of Devise to Another.*—*Liability of Devisee.*—Where a testator devised certain real estate to A., providing that when A. sells or disposes of said realty she may pay to B. or her guardian, out of the proceeds of the sale, the sum of $1,000, and bequeathed all personal property to A., the proper construction to be placed upon such devise, considering the will as a whole, is that it was the intention of the testatrix to give to B. $1,000 out of the proceeds of the sale of said land; but A. could not be made personally liable to B. for such sum until the funds with which to pay it had come into her hands, and she refused payment, upon proper request to do so; and, in such event, the personal liability could not exceed the sum in her hands.

*Quære,* could A. be compelled, in a proper proceeding for that purpose, to sell the land devised to her to raise the necessary fund out of which to pay B.?

From the Vigo Circuit Court.

*J. M. Allen, I. N. Pierce* and *C. Henry,* for appellant.
*S. Huston* and *H. Donham,* for appellee.

COFFEY, J.—The will of Mary Ann Erisman was probated in Vigo county on the 4th day of August, 1887. It contains, among others, the following provisions:

"2. I give, bequeath and devise to my beloved daughter, Harriet E. Haskett, the following real and personal property, to wit:   The north half of the southwest quarter of section number twelve, in township number eleven north, of range number nine, situate in the county of Vigo, State of Indiana, except twenty acres heretofore transferred to Samuel Cosby: *Provided*, That when the said Harriet E. Haskett sells or disposes of said realty, she may pay to Georgia Alexander or her guardian, out of the proceeds of said sale, the sum of one thousand dollars ($1,000).   I also give, bequeath, and devise unto Harriet E. Haskett all my personal property of every kind and description of which I may die seized."

Based upon the above provisions of the will, the appellee filed, in the Vigo Circuit Court, the following complaint:

"Georgia M. Alexander, by A. H. Donham, Guardian., *v.* Harriet E. Haskett.

"Plaintiff says that on the —— day of ———, 1887, Mary E. Erisman died testate, a copy of the will being filed herewith and made a part of this complaint.   Plaintiff says that by the provisions of said will the defendant herein was made a devisee to certain lands therein described, provided that when she sold or otherwise disposed of said land she should pay over to this plaintiff one thousand dollars.   Plaintiff says the defendant accepted said devise and took possession of said land, but she has failed and refused to pay said one thousand dollars, although she has been asked to do so, and has had an opportunity to dispose of said land to advantage."

Prayer was made for a judgment for fifteen hundred dollars and a sale of the land for its payment.

To this complaint the court overruled a demurrer, and the appellant failing and refusing to plead further, the court rendered a personal judgment against her for the sum of one thousand dollars, and rendered a decree ordering the land described in the will to be sold as other lands are sold on execution for the payment of such judgment.

It is contended, by the appellant, that under the terms of this will it is discretionary with her whether she shall pay the appellee the one thousand dollars therein mentioned or not. In other words, she contends that she may pay that sum or refuse to pay it, at her election.

We can not agree with the appellant in this contention. One of the fundamental rules for the construction of wills, as well as all other written instruments, is that effect shall be given to each word and sentence found therein, if it is possible to do so. The construction contended for by appellant renders meaningless the clause, *"Provided,* That when the said Harriet E. Haskett sells or disposes of said realty she may pay to Georgia Alexander, or her guardian, out of the proceeds of said sale, the sum of one thousand dollars,'' for she would have had that right, at her election, had nothing been said upon the subject. In the construction of a will the intention of the testator is to be arrived at by an examination of the whole instrument, and not from any particular clause. *Pugh* v. *Pugh,* 105 Ind. 552; *Brumfield* v. *Drook,* 101 Ind. 190; *Critchell* v. *Brown,* 72 Ind. 539; *Kelly* v. *Stinson,* 8 Blackf. 387.

When all of the provisions of this will are construed together, we think the intention of the testatrix to give Georgia Alexander one thousand dollars out of the proceeds of a sale of the land devised to the appellant, fully appears.

In reaching this conclusion, we are not unmindful of the facts that the case belongs to a class where there is always more or less difficulty in arriving at the intention of the testator, and in which it is difficult, if not impossible, to reconcile all the authorities. With regard to precatory trusts, we are aware that the courts seem to be sensible of the fact that they have gone far enough in investing with the efficacy of a trust loose expression rarely intended to have that operation, but, nevertheless, the rule seems to be settled that words of recommendation, request, entreaty, wish, or expectation, addressed to a devisee or legatee, will make him a trustee for the person in whose favor the expressions are used; provided the testator has pointed out, with sufficient certainty, both the subject-matter and the object of the intended trust.    Jarman on Wills (6th ed.), 356–377, and authorities cited.

In this case there is no uncertainty as to the subject-matter nor as to the object of the trust, and we think the will clearly discloses a wish and expectation, on the part of the testatrix, that the appellee should receive one thousand dollars out of the proceeds of the sale of the land devised to the appellant.    This being true, the case falls, we think, within the rule above stated.

The question as to whether the appellant, in a proper proceeding for that purpose, could be compelled to sell the land devised to her, is not presented by the record, and for that reason we intimate no opinion upon the subject.    No such end is sought by this suit.    The complaint proceeds upon the theory that the appellant is personally liable because she failed to sell the land upon request, when she could have done so to advantage.

A complaint, to be good, must be so on the theory upon which it proceeds.

We have no information as to the value of the land

described in the will. If it is not worth more than one-half the sum for which the appellee recovered judgment, there would be no conscience in requiring the appellant to pay her that sum.

The appellant could not, in our opinion, be made personally liable until the funds with which to pay the appellee had come into her hands and she had refused, upon proper request, to pay the same over. In that event, the personal liability could not exceed the sum in her hands. The court erred, we think, in overruling the demurrer to the complaint.

Judgment reversed, with directions to the circuit court to sustain the demurrer of the appellant to the complaint in this case.

Filed May 23, 1893.