## ESTATE OF PATRICK LANNON, DECEASED.

[No. 17,778; decided August 24, 1897.]

**Devise—Whether Specific or Residuary.**—If in subdivision 18 of his will a testator gives all the rest and residue of his property to his brothers and sisters, share and share alike, and in subdivision 22 he directs that certain real estate be sold and the proceeds "distributed pursuant to the eighteenth subdivision thereof," the devise in subdivision 22 is specific, and therefore cannot abate, the reference to subdivision 18 being only to identify the devisees.

The opinion in Estate of Lannon was among those destroyed in San Francisco by the conflagration of 1906.

## PERSONAL LIABILITY OF DEVISEES FOR CHARGES IMPOSED BY THE WILL.

**For Payment of Legacies.**—It is a well-recognized rule that when real estate is devised with directions to the devisee to pay a legacy, an acceptance of the devise carries with it the personal obligation on the part of the devisee to pay the legacy as directed. This personal liability may be created by the testator directly, without charging the property: Mason v. Smith, 49 Ala. 71; Olmstead v. Brush, 27 Conn. 530; Mahar v. O'Hara, 9 Ill. 424; Spearman v. Foote, 126 Ill. App. 370; Appeal of Haworth, 105 Pa. 362; Anderson v. Hammond, 2 Lea (Tenn.), 281, 31 Am. Rep. 612. But most frequently, perhaps, the charge is imposed upon the estate devised. In the latter case the devisee, upon acceptance, may none the less be personally liable, although the property is also bound; for the rule is that when realty is devised, charged with the payment of legacies, the devisee is personally liable to pay the legatees if he accepts the devise:

Dunne v. Dunne, 66 Cal. 157, 4 Pac. 441, 1152; Olmstead v. Brush, 27 Conn. 530; Burch v. Burch, 52 Ind. 136; Duke of Richmond v. Milne's Exrs., 17 La. 312, 36 Am. Dec. 613; Eskridge v. Farrar, 30 La. Ann. 718; Chew v. Farmers' Bank of Maryland, 2 Md. Ch. 231; Gridley v. Gridley, 24 N. Y. 130; Redfield v. Redfield, 126 N. Y. 466, 27 N. E. 1032, affirming 59 Hun, 620, 12 N. Y. Supp. 831; Larkin v. Mann, 53 Barb. 267; Birdsall v. Hewlett, 1 Paige, 32, 19 Am. Dec. 392; Dodge v. Manning, 11 Paige, 334; Fox v. Phelps, 17 Wend. 393, 20 Wend. 437; Dill v. Wisner, 23 Hun, 123, affirmed 88 N. Y. 153; Decker's Exrs. v. Decker's Exrs., 3 Ohio, 157; In re Lobach, 6 Watts, 167; Shobe's Exrs. v. Carr, 3 Munf. 10; Kenny's Admrs. v. Kenny, 25 Gratt. 293; Merton v. O'Brien, 117 Wis. 437, 94 N. W. 340. But his personal liability does not discharge the real estate from the lien of the legacies charged thereon by the will: Lofton v. Moore, 83 Ind. 112; Mitchell v. Mitchell, 3 Md. Ch. 71; Hoover v. Hoover, 5 Pa. 351. Said Justice Story: "I understand it to be a general rule in the construction of clauses of this sort that where the testator devises an estate to a person, and in respect thereof charges him with the payment of debts and legacies, the charges are always treated as charges in rem, as well as in personam, unless the testator uses some other language, which limits, restrains or repels that construction. Upon no other principle can many cases in the books admit of any rational explanation": Sands v. Champlin, Fed. Cas. No. 12,303, 1 Story, 376.

To quote from the New York court of appeals: "It is well settled that when a legacy is given and is directed to be paid by the person to whom real estate is devised, such real estate is charged with the payment of the legacy. And the rule is the same when the legacy is directed to be paid by the executor who is the devisee of real estate. If the devisee, in such case, accepts the devise, he becomes personally bound to pay the legacy, and he becomes thus bound, even if the land devised to him proves to be less in value than the amount of the legacy. If he desires to escape responsibility, he must refuse to accept the devise. If he does accept, he becomes bound to pay the whole amount of the legacy, which he is directed to pay": Brown v. Knapp, 79 N. Y. 136; approved in Williams v. Nichol, 47 Ark. 254, 1 S. W. 243; Hunkypillar v. Harrison, 59 Ark. 453, 27 S. W. 1004.

And to quote from the supreme court of Vermont: "It is settled law that a devisee who accepts a devise charged with the payment of a legacy thereby becomes personally liable to pay the legacy, although the land is worth less than the amount of the legacy. This liability is put upon the ground of an implied promise arising from the fact of acceptance; for the doctrine is that he who accepts a benefit under a will must conform to all its provisions, and renounce every right inconsistent with them": Hodges v. Phelps, 65 Vt. 303, 26 Atl. 625. And to quote from the supreme court of Ohio: "Thus,

in Glen v. Fisher, 6 Johns. Ch. 33, 10 Am. Dec. 310, it is held that where land is devised charged with the payment of a legacy, and the devisee accepts the devise, he is personally and absolutely liable for the legacy; and he has no right to require of the legatee, before payment, a security to refund, in case of a deficiency of assets to pay debts. And in Fuller v. McEwen, 17 Ohio St. 288, this court stated the rule in substantially the same language, and held that, in an action to enforce such personal obligation, the fact that the devisee or legatee is or is not also the executor of the will makes no difference in the case. The rule is also recognized and stated in Yearly v. Long, 40 Ohio St. 27. The rule is thus stated in Porter v. Jackson, 95 Ind. 210, 48 Am. Rep. 704: 'Where lands are devised to one who, by the will, is directed to pay a legacy, the legacy is charged upon the land devised; and, when payment of the legacy is made a condition of the devise, its acceptance creates also a personal liability to the legatee, which may be enforced without resorting to the land, the lien still remaining as a security.' Many other cases might be cited to the same effect, and are sustained by text-writers of standard authority: Woerner on Administration, 1099; Williams on Executors, 1272, 1704. The rule rests upon the reasonable principle that he who takes a benefit under a will must take it subject to its provisions. Any other construction would necessarily defeat the intention of the testator. So that, where a devisee is required to pay legacies to others, an acceptance of the devise imports a promise to pay the legacies; and the legatees have the right to maintain an action thereon for its nonperformance as though the promise had been made to themselves": Case v. Hall, 52 Ohio St. 24, 38 N. E. 618, 25 L. R. A. 766.

The reason, then, for the personal liability of a devisee for legacies, the payment of which is charged upon him or the devise, is apparent. If he were permitted to evade this liability he would thereby defeat the intention of the testator, and moreover would enjoy benefits under the will without conforming to its provisions. He must take the devise cum onere; he will not be allowed to disappoint the will under which he accepts a benefit: Glen v. Fisher, 6 Johns. 33, 10 Am. Dec. 310. His liability, as stated in the preceding paragraphs, has been put upon the ground of an implied promise arising from the fact of acceptance: Case v. Hall, 52 Ohio St. 24, 38 N. E. 618, 25 L. R. A. 766; Hodges v. Phelps, 65 Vt. 303, 26 Atl. 625. The legacy stands upon the footing of an ordinary debt which he has promised to pay: Wiggin v. Wiggin, 43 N. H. 561, 80 Am. Dec. 192.

**For Support of Relative.**—Where a testator devises land, directing the devisee to support a relative or other specified person for life or for some other period of time, making such support a condition of the devise, the devisee, upon accepting the devise, is personally liable for such support: Porter v. Jackson, 95 Ind. 210, 48

Am. Rep. 704; Pickering v. Pickering, 15 N. H. 281; Collister v. Fassitt, 163 N. Y. 281, 79 Am. St. Rep. 586, 57 N. E. 490, affirming 48 N. Y. Supp. 792; Sommers v. Sommers, 59 App. Div. 340, 69 N. Y. Supp. 866; Snyder's Appeal, 75 Pa. 191. The liability accrues and may be enforced without demand: Watt v. Pittman, 125 Ind. 168, 25 N. E. 191; Wiggin v. Wiggin, 43 N. H. 561, 80 Am. Dec. 192; Johnson v. Cornwall, 26 Hun, 499; Dickson v. Field, 77 Wis. 439, 46 N. W. 668, 9 L. R. A. 537. While it may be enforced without resort to the land, still such resort is permissible if necessary when the will imposes a charge thereon: Porter v. Jackson, 95 Ind. 210, 48 Am. Rep. 704; although it has been held that a personal charge upon a devisee to furnish support to a designated person cannot be enforced against the land devised, unless there are words in the will warranting such a construction: Appeal of Haworth, 105 Pa. 362. The devisees may be bound for the support, even beyond the value of the land devised: Porter v. Jackson, 95 Ind. 210, 48 Am. Rep. 704. Devisees who accept land given them by will, which lays on them the duty of supporting their sisters and mother, become jointly and severally liable for the support, and one of them who bears the whole burden is entitled to contribution from the others: Shillito v. Shillito, 160 Pa. 167, 28 Atl. 637.

For Payment of Debts.—Where a will directs devisees to pay the debts of the testator as a condition of the testamentary gifts, the devisees become personally bound for the debts by accepting the devises: Harland v. Person, 93 Ala. 273, 9 South. 379. And by accepting a devise charged with the payment of a debt the devisee becomes personally liable for the debt: Gridley v. Gridley, 24 N. Y. 130, reversing 33 Barb. 250; Dill v. Wisner, 23 Hun, 123, affirmed in 88 N. Y. 153; Baylor's Lessee v. Dejarnette, 13 Gratt. 152. But in Hayes v. Sykes, 120 Ind. 180, 21 N. E. 1080, it is declared that a will, charging the debts of the testator, on a deficiency of personal assets, upon land therein devised, does not impose a personal liability on the devisees upon their acceptance. "By the terms of the will," said the court, "they took title to the real estate subject to the encumbrances and charge that was placed upon it. . . . . In cases referred to by counsel for the appellant, a personal liability was imposed upon the devisee. The provisions of the will were such in each of these cases that by an acceptance of its terms a personal liability was assumed." The theory of this decision seems to be that the testator did not intend to impose a personal liability for the charge, and that in the absence of such an intention there could be no personal obligation. Clearly, a testator cannot, by any direction to devisees to pay his debts, prevent his creditors from reaching his estate if they desire: Carpenter v. Carpenter, 14 N. Y. St. 284.

### General Rules of Nonliability.

The fact that a devise is merely subject to the payment of a legacy does not render the devisee personally liable on accepting the

devise. Said Justice Mitchell, in Eddy v. Kelly, 72 Minn. 32, 74 N. W. 1020, "It is undoubtedly true that where real estate is devised with a naked direction to the devisee to pay a legacy, or upon condition that he pays it, the legacy is a charge on the person of the devisee, and if he accepts the devise he is personally liable for its payment. But it is equally well settled that where the devise is merely subject to the payment of the legacy, the latter is not a charge on the person of the devisee, and the acceptance of the devise does not render him personally liable."

The general rule that where a devisee accepts a devise charged with the payment of debts or a legacy, he becomes personally liable, is modified by the paramount rule that the intention of a testator as disclosed by the will must govern its interpretation and effect: Hunkypillar v. Harrison, 59 Ark. 453, 27 S. W. 1004. Other authorities supporting this proposition are Haskett v. Alexander, 134 Ind. 543, 34 N. E. 325; Eskridge v. Farrar, 34 La. Ann. 709; Nudd v. Powers, 136 Mass. 273; Cronkhite v. Cronkhite, 1 Thomp. & C. 266; In re Taber, 116 N. Y. Supp. 960; Worth v. Worth, 95 N. C. 239; Estate of Semple, 189 Pa. 385, 42 Atl. 28. The Arkansas court, in the above case, decided that under a will requiring the sole legatee to "pay out of the proceeds of the property, real and personal," specified annuities, the legatee is not personally bound therefor on accepting the gift. The court, in the course of its opinion, said: "There are innumerable instances in which the testators, in making devises with charges thereon, have in terms given direction as what manner and out of what funds the general devisee is to pay off the special legacies made a charge upon the property devised. In all these cases the personal liability of the devisee is more or less affected, even to the extent in many cases of being entirely wanting. And this is so simply from the fact that the obvious meaning of the testator, as gathered from the language of the will, is to the effect that he does not wish the devisee to pay the special legacy at all events, but only as far as the property devised to him will enable him to do. This principle is illustrated in numberless cases. Thus, in Hayes v. Sykes, 120 Ind. 180, 21 N. E. 1080, the following provision of a will was under consideration in the supreme court of Indiana: 'I will that, in case there is not enough money in the hands of the executor of my father's will to pay all my just debts, I then devise that the property herein devised to my wife, Anna, and to my mother, Mary Ann Sykes, shall be held liable, in equal proportion, to pay the same; and to this end I make a charge upon my estate so devised, to perform the same.' Here is a charge upon two legacies to pay debts, and under the general rule . . . . the legatees would be personally bound to pay these debts, whether the property devised to them is sufficient or not. But the court, from a consideration of the language of the will, held the real and true meaning of the testator to be otherwise."

In Funk v. Eggleston, 92 Ill. 515, 34 Am. Rep. 136, a bequest subject to legacies with a direction that the legacies should be paid "out of" the bequest is held not to make the payment of the legacies a personal charge on the devisee.

### Circumstances Affecting Liability.

**Acceptance of Devise.**—A charge imposed by a testator to pay debts or legacies does not become the personal obligation of the devisee unless he chooses to accept the devise: Wilson v. Moore, 86 Ind. 244; Miltenberger v. Schlegel, 7 Pa. 241. The authorities all recognize that the acceptance of the devise is a condition precedent to any personal liability on the part of the devisee for legacies or debts. And if the land is sold under order of court to pay debts, the devisee has no personal liability, although he had taken pro forma possession: Carpenter v. Carpenter, 14 N. Y. St. 284. Said the court in this case: "All the cases reported, holding the devisee liable for the payment of the debts and legacies upon accepting the devise cum onere, are where the proof showed that the devisee had taken and appropriated the subject of the devise, had the full benefit of it, and had not been interfered with in the enjoyment of it. There is no case holding that when the devisee had taken pro forma possession of the thing devised, but was in turn evicted and the property taken away to meet the lawful demands of the estate, by lawful proceedings in settlement of the estate, that nevertheless the devisee, although foiled in his attempt to get the benefit of the devise, was held liable to pay the debts and legacies."

**Value of Devise.**—The general rule is that the personal liability of a devisee for the payment of legacies charged by the testator is absolute, upon acceptance of the devise, whether or not the land devised is adequate for their payment. By accepting the devise the legacies become the personal debt of the devisee, which he must pay, although the property devised to him is of less value than the legacies: Williams v. Nichol, 47 Ark. 254, 1 S. W. 243; Porter v. Jackson, 95 Ind. 210, 48 Am. Rep. 704; Spencer v. Spencer, 4 Md. Ch. 456; Brown v. Knapp, 79 N. Y. 136; Hodges v. Phelps, 65 Vt. 303, 26 Atl. 625. In Glen v. Fisher, 6 Johns. Ch. 33, 10 Am. Dec. 310, it was held that a devisee had no right to require of the legatee, before payment, security to refund in case of a deficiency of assets to pay debts. In Dunham v. Deraismes, 166 N. Y. 607, 59 N. E. 903, it is held that when a legacy is charged on all the land devised, a devisee of part of the land becomes personally liable, upon accepting the devise, for only his proportionate share of the legacy.

**Death of Devisee.**—In the event of the death of a devisee on whose devise the payment of a legacy was a charge, it would seem that the devised estate would still remain subject to the liability for the payment of the legacy: Mitchell v. Mitchell, 3 Md. Ch. 71. In Case v. Hall, 52 Ohio St. 24, 38 N. E. 618, 25 L. R. A. 766, it is held

that where land is devised in fee, with directions to the devisee to pay certain legacies as each legatee attains the age of twenty-one years the devisee, on accepting the devise, becomes personally liable to pay the same as directed by the testator; and where the devisee dies before all the legatees attain the requisite age, his estate, as an entirety, remains liable to such as thereafter become of age, and it is the duty of his administrator to pay the same. And in Stringer v. Gamble, 155 Mich. 295, 118 N. W. 979, where a man devised a farm on condition that the devisee should pay an annuity to the widow for life and furnish certain products from the farm, secured by a lien thereon, it is held that the devisee takes the property charged with the conditions imposed, and is personally liable to perform them as upon a contract, express or implied, that the land is charged with the performance thereof during the life of the annuitant, and that the estate of the devisee after his death is liable for past due payments which are not barred. If accepting the devise is regarded as an implied promise to pay the legacy, then an action lies against the executor or administrator of the devisee for any breach of the contract in his lifetime: Pickering v. Pickering, 15 N. H. 281; Shannon v. Howell, 36 Hun, 47.

Conveyance of Devised Land.—When the devisee conveys the land subject to the charge, the vendee, it is said, stands, in respect of personal liability for the legacy, much like one who purchases mortgaged premises subject to the mortgage, who does not become personally liable for the mortgage debt without a contract of assumption evidenced in some way, though no particular form of words is necessary to create such liability: Hodges v. Phelps, 65 Vt. 303, 26 Atl. 625. In this case it was decided that persons acquiring title by quitclaim to devised land took with notice of provisions in the will charging the land with a legacy, and were personally liable for the full amount of the legacy without regard to the value of the land; they were held liable also because by the terms of the deed, they assumed the payment of the legacy and promised to pay it according to the provisions of the will. The personal liability of a grantee of the property to the legatee seems to be recognized in Andrews v. Sparhawk, 30 Mass. (13 Pick.) 393; Phillips v. Humphrey, 42 N. C. 206. In Bird v. Stout, 40 W. Va. 43, 20 S. E. 852, it is held that where a will charges with a legacy land devised to a person who conveys it to a third person, and the latter retains in his hands out of the purchase money a sum to pay the legacy, promising his grantor to pay it, the grantor may maintain a bill in equity against the grantee, making the legatees parties, to compel the payment of such fund on the legacy and to enforce the charge on the land. It is clear that when land is charged with payment of a legacy, it remains subject to the charge when conveyed to a purchaser with notice, actual or constructive, until the legacy is paid: Wilson v. Piper, 77 Ind. 437; Gardenville Permanent Loan Assn. v. Walker, 52 Md. 452;

Pickering v. Pickering, 15 N. H. 281; Copp v. Hersey, 31 N. H. 317; Hoyt v. Hoyt, 17 Hun, 192, affirmed in 85 N. Y. 142; Nellons v. Truax, 6 Ohio St. 97; Appeal of Steele, 47 Pa. 437; Scott v. Patchin, 54 Vt. 253.

### Manner of Enforcing Liability.

In Equity—Sale of Land.—Equity will entertain a suit to compel a devisee to pay a legacy for which he is personally liable, and will enforce its decree by a sale of the land devised: Williams v. Nichol, 47 Ark. 254, 1 S. W. 243; Mahar v. O'Hara, 9 Ill. 424; Cornish v. Willson, 6 Gill, 299; Sherman v. Sherman, 86 Mass. (4 Allen) 392; Horning v. Wiederspalen, 28 N. J. E. 387; Degraw v. Clason, 11 Paige, 136; Collister v. Fassitt, 163 N. Y. 281, 78 Am. St. Rep. 586, 57 N. E. 490; Dunning v. Dunning, 82 Hun, 462, 31 N. Y. Supp. 719, affirmed in 147 N. Y. 686, 42 N. E. 722; Bird v. Stout, 40 W. Va. 43, 20 S. E. 852. And it is said that the fact that an action at law will also lie to enforce the liability does not preclude a court of chancery from assuming jurisdiction: Cady v. Cady, 67 Miss. 425, 7 South. 216. Speaking of an annuity made a charge upon real property devised, the New York court said: "It being an express charge thereon, the devisees, upon accepting the devise, became personally bound to pay such annuity, and its payment could be enforced by a suit in equity against the real estate, or by an action against the devisees upon the promise to pay implied by the acceptance of the devise": Redfield v. Redfield, 59 Hun, 620, 12 N. Y. Supp. 831, affirmed in 126 N. Y. 466, 27 N. E. 1032. The Wisconsin court, in the principal case, recognizes the power of a court to proceed to a foreclosure sale of the property, in that case a life estate with remainder over, to satisfy the legacy charged thereon.

At Law—Action of Debt or Assumpsit.—In the early cases there seemed some doubt as to whether assumpsit would lie against a devisee to enforce his personal liability for the payment of legacies. But the theory has prevailed that the acceptance of the devise implies a promise on the part of the devisee to pay the legacy, and that the legatee has the right to maintain an action thereon for its nonperformance and recover a personal judgment: Porter v. Jackson, 95 Ind. 210, 48 Am. Rep. 704; Stringer v. Gamble, 155 Mich. 295, 118 N. W. 979; Case v. Hall, 52 Ohio St. 24, 38 N. E. 618, 26 L. R. A. 766. That assumpsit will lie to enforce the personal liability of a devisee to pay legacies charged by the will is recognized in Willis v. Roberts, 48 Me. 257; Doolittle v. Hilton, 63 Me. 537; Wiggin v. Wiggin, 43 N. H. 561, 80 Am. Dec. 192; Tole v. Hardy, 6 Cow. 333; Gridley v. Gridley, 24 N. Y. 130; and that an action of debt will lie to enforce such liability is recognized in Etter v. Greenawalt, 98 Pa. 422; Renner v. Headley, 129 Pa. 542, 18 Atl. 549. In case the devisee is also executor, the remedy is nevertheless assumpsit, and not an action on his bond: Olmstead v. Brush, 27 Conn. 530. In Red v. Power,

69 Miss. 242, 13 South. 586, it is held that where property is devised with a direction to the devisee to give a certain person $200 a year as long as he lives, the devisee, upon accepting the provisions of the will and entering into the enjoyment of the property, becomes the debtor of the person to whom the money is to be paid, and that the indebtedness is subject to garnishment.

Limitation of Actions.—The relation between devisee and legatee, where the devisee is personally liable to the legatee for a legacy charged by the will, is not a trust relation which prevents the running of the statute of limitations against an action to enforce the liability. Thus in Etter v. Greenawalt, 98 Pa. 422, where it is held that an action of debt will lie against a devisee to compel him to pay a sum which the will directs him to pay to the plaintiff, it is decided that the statute of limitations precludes a recovery if more than six years have elapsed since the death of the testator. And in Merton v. O'Brien, 117 Wis. 437, 94 N. W. 340, it is held that the devisee of land, subject to the payment of a legacy charged as a lien thereon, is not "a trustee of an express trust," and hence that an action by the legatee to enforce the lien against the property may be barred by the statute of limitations.