## G. J. RED v. POWERS, ROLLINS ET AL.

1. GARNISHMENT. *Acceptance of devise. Precatory trust.*

> Where property is devised to one with the request that he shall pay an annuity to a third person, by accepting the provisions of the will, the devisee becomes the debtor of such person, and may be garnished.

2. JUDGMENT AGAINST GARNISHEE. *Code* 1880, §§ 2445, 2451.

> If a garnishee answers, admitting an indebtedness not due, execution will be stayed until maturity. And if he denies indebtedness, and on a traverse it is found that he owes a debt not then due, judgment will be entered, with a stay of execution, as if the facts found had been confessed in the answer. Code 1880, §§ 2445, 2451.

FROM the circuit court of Holmes county.
HON. C. H. CAMPBELL, Judge.

In January, 1889, G. I. Sample died leaving a will, by which he devised certain lands to G. J. Red, "with one request, that he give my father, J. A. Sample, $200 a year as long as he lives." Red entered upon the enjoyment of the property, the annual income of which exceeded $200 a year. Powers, Rollins & Co. recovered judgment against J. A. Sample for something over $1,000, and, in November, 1890, garnished Red, who answered denying that he owed the defendant any thing. A traverse was filed averring that the garnishee was indebted to the defendant, under the provisions of the above-mentioned will, in the sum of $200 for each of the years 1889 and 1890. On the trial, in May, 1891, it was shown that in 1890, before the garnishment, Red paid to the defendant, J. A. Sample, $200. There was no evidence of any other payments to him.

Among other instructions the following, asked by the garnishee, was refused: "The court instructs the jury that they will find for garnishee, unless it is established by a preponderance of the evidence that not only G. J. Red took the property according to the terms of the will, but that the money stated in the will to be paid J. A. Sample was never paid him."

A verdict was rendered for plaintiffs that the garnishee was indebted to the defendant, Sample, in the sum of $200, and that he would owe a like sum for 1891, and annually thereafter. Following the verdict, judgment was rendered against the garnishee for $200 past due, $200 to become due March 1, 1892, and a like sum annually thereafter until plaintiffs' judgment was satisfied, if the said Sample should live so long. As to the amounts not due, execution was ordered to be stayed. Motion for new trial overruled, and the garnishee appeals.

Among other things, it was assigned for error, and urged in the motion for a new trial, that the court erred in extending the judgment as to any of the indebtedness by the appellant for other years than 1889 and 1890.

*Noel & Tackett*, for appellant.

1. The traverse of the garnishee's answer did not put in issue any indebtedness except as to $200 for each of the years 1889 and 1890. Notwithstanding this fact, the instructions for the plaintiff and the verdict and judgment went beyond this, and included other years and so long as J. A. Sample should live. This was clearly erroneous.

2. While the will probably established a precatory trust, yet the enforcement of this was a matter of chancery jurisdiction. If Sample could not have enforced payment of the annuity in a court of law, his creditors could not do so through garnishment proceedings.

3. It was shown that the appellant, Red, paid Sample $200 in February, 1890. There was no other evidence in regard to any payment, and hence the verdict was not sustained. Under the facts in evidence, it was error to refuse appellant's instruction.

*Hooker & Wilson*, for appellee.

1. The words of the will created an interest in the estate of the testator in favor of J. A. Sample. 10 Smed. & M., 466; 7 *Ib.*, 663; 2 Redfield on Wills, p. 410 *et seq.;* Perry on Trusts, § 112 *et seq.*

Red accepted the property under the will, and he became bound annually to pay $200 to Sample, who could have sued in law to enforce its payment. Where nothing remains to be done but for the trustee to pay over the amount, an action at law for its recovery is maintainable. Perry on Trusts, § 843. The net income of the property was more than sufficient to pay the annuity. Appellant paid for 1889, thus recognizing his liability under the will to pay the annuity.

2. The answer denied any indebtedness, and there was a traverse. Thus, the issue was, under the statute, as to the true amount due by the garnishee. Code 1880, § 2451.

3. The judgment will not be reversed for omitting the averment of any matter without proof of which the jury ought not to have given such verdict. Code 1880, § 1727.

Campbell, C. J., delivered the opinion of the court.

By accepting the provisions of the will and entering upon the enjoyment of the estate given to him by it, the appellant became the debtor of Mr. Sample for the $200 to be paid to him annually, and might be sued at law for the money. This is affirmed by many cases cited in note k, 3 Williams on Executors, p. 1931. This being true, the debt was garnishable, and the issue joined upon the traverse of the answer of the garnishee having been found against him, judgment was properly rendered against him "as if the facts found had been confessed by the garnishee in his answer." Code, § 2451. If he had answered, admitting an indebtedness not then due, execution would have been stayed until its maturity, (Code, § 2445) and judgment rendered accordingly.

*Affirmed.*