## DAVID HEADLEY ET AL. v. BARNET RENNER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON
PLEAS OF GREENE COUNTY.

Argued October 7, 1889—Decided October 28, 1889.

1. An objection that a question of law was not properly reserved must be made at the time of the reservation, and if no exception is then taken, the presumption is that the reservation was assented to by the parties.
2. An assignment of error which avers simply that the court erred in not answering the appellant's points, but does not state the points, is not in accordance with the Rules of Court (Rule XXIII.), and will not be considered.
3. The acceptance of a devise which is coupled with a direction that a sum certain shall be paid by the devisee to a third party, creates a personal liability of the devisee which may be enforced against him by an action in debt.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 196 October Term 1889, Sup. Ct.; court below, No. 140 October Term 1886, C. P.

On August 27, 1886, David Headley and Lucretia Headley, his wife, in right of said wife, brought debt against Barnet Renner, to enforce payment of a legacy alleged to be due personally from the defendant to his sister Lucretia, under the will of their father, Jacob Renner, deceased. Issue.

At the trial on January 24, 1888, the case being closed on the testimony, the defendant presented certain points for instruction. The court, INGHRAM, P. J., did not answer the points, but said to the jury:

" As you have already heard, we regard this case as a mere question of law for the court and not of fact for the jury; and, as you have heard from the counsel, they are disposed to take a special verdict in the case, and we direct you to find for the plaintiff the sum of $115.16, with leave to the court to enter a judgment for the defendant non obstante veredicto, if the court should be of the opinion upon an examination of the record

testimony and the testimony of William Clovis, that the plaintiff is not entitled to recover. With your permission the prothonotary will now take your verdict."

The defendant, without exception to the reservation, or to the form thereof, filed a motion and reasons for a new trial.

On September 3, 1888, the court, INGHRAM, P. J., filed the following opinion and order:

Jacob Renner, deceased, by his last will and testament, dated June 20, 1885, probated July 20, 1885, bequeathed, inter alia, to his daughter Lucretia Headley, the plaintiff in this case, the sum of $1,800, of which he directed that his son Barnet, the defendant, should pay $400, in four equal annual payments. The will further provides: "I have conveyed to my four sons, John, Henry, Barnet and Kinsey Renner, of my real estate by general warranty deed what I intend them to have, for which they are to pay to my two daughters the above named sums." When the first payment or instalment coming to Mrs. Headley fell due, Barnet refused to pay and this suit was brought for its recovery. On the trial, the plaintiff claimed that her father intended, in the distribution of his estate, to give his real estate to his sons, they to pay, in the proportions mentioned, to each of his daughters the sum of $1,800, and that his intention was to be gathered from the deeds and will taken together; and that in delivering the deeds to his sons, as testified to by William Clovis, he was acting under the mistaken advice of a friend, that to "save expense it would be necessary to deliver the deeds in his lifetime," when in reality he retained control over the deeds by handing them to Mr. Clovis, at the same time saying, "if I should get well I may call for them, if I don't, I want you to deliver them to the boys after my death."

The defendant claimed that he was not legally bound to pay his sister, Mrs. Headley, the $400 mentioned in the will, because he held his land by virtue of a deed from his father, dated June 19, 1885, which had been delivered to him before his father's death, and that the deed having been so delivered, he took and held the land discharged from any claim on the part of his sister Lucretia. We are of opinion from the evidence that Jacob Renner regarded his deeds and will as constituting substantially but one instrument, and that he intended his sons

to pay his daughters their legacies, as a condition upon which the deeds were made, and that the sons understood the matter in the same way. That Jacob Renner regarded his deeds and will as together constituting the evidence of his intention with reference to the disposition of his estate, and that they should be construed together is, we think, under the rule laid down in Thompson v. Loyd, 49 Pa. 127, made clear by the fact that the deeds are referred to in the will in such manner as to amount to a devise of the lands therein described. We are further of opinion from the evidence that the defendant, before he took possession of the land under the deed, was fully informed of the contents of the will, and knew what he was expected to pay for the land, and that having accepted the land he should now be required to comply with the conditions of the will by paying his sister the amount of her legacy, due from him, as therein provided. That the defendant knew of the contents of the will, before the deed was finally delivered by Mr. Clovis, we think is clear from the testimony of the witness, William Clovis, who says : "I kept them until I heard of Mr. Renner's death. I got them and took the deeds and will both with me up there. After he was put away the heirs and myself all met in the room. I read the will to the heirs. After I read the will I said, 'In accordance with Mr. Renner's will I am at liberty to deliver the deeds,' and John Renner said, 'I would like for you to hold the deeds awhile.' I put them back in my pocket and nothing else was said just then. Barney came to me and demanded his deed. . . . . . I delivered the deed the next morning after Mr. Renner was buried. He came to my house and said he had come for his deed."

\* \* \* \* \* \* \* \*

For the reasons given, we are of opinion that the plaintiffs are entitled to recover, and have therefore made the following order:

And, now, June 26, 1888, this matter came on to be heard and was argued by counsel; and now, September 3, 1888, after consideration thereof, it is ordered and directed that the rule to show cause why a new trial should not be granted be discharged. It is further ordered and directed that judgment be entered on the reserved point in favor of the plaintiffs, on the verdict.

Judgment having been entered for the plaintiffs on the verdict, the defendant took this appeal, filing the following assignments of error:

1. The court erred in not spreading upon the record the question of law reserved and the facts from which it arose.

2. The court erred in entering judgment for the plaintiffs on the special verdict.

3. The court erred in not answering defendant's points.

4. The court had no jurisdiction; the legacy being a charge on the land the remedy of the plaintiffs was exclusively in the Orphans' Court.

*Mr. James E. Sayers* (with him *Mr. E. M. Sayers*), for the appellants.

1, 2. Upon the first and second specifications of error, counsel cited: Buckley v. Duff, 111 Pa. 227; Commonwealth v. McDowell, 86 Pa. 379; Inquirer Printing & Pub. Co. v. Rice, 106 Pa. 625; North Amer. Oil Co. v. Forsyth, 48 Pa. 291; Campbell v. O'Neill, 64 Pa. 290; Wilson v. The Tuscarora, 25 Pa. 317; Winchester v. Bennett, 54 Pa. 513; Patton v. Railway Co., 96 Pa. 173; Loew v. Stocker, 61 Pa. 351. 3. Upon the third specification: Section 1, act of March 24, 1877, P. L. 38. 4. Upon the fourth specification: Section 59, act of February 24, 1834, P. L. 84; Blight v. Schenck, 10 Pa. 292.

*Mr. J. A. J. Buchanan* (with him *Mr. George L. Wyly* and *Mr. D. S. Walton*), for the appellees.

1. Upon the first specification, counsel cited: Insurance Co. v. Phoenix Ins. Co., 71 Pa. 31; Smith v. Van Horne, 72 Pa. 207; Fayette City Bor. v. Huggins, 112 Pa. 1; Buckley v. Duff, 111 Pa. 227; Miller v. Hershey, 59 Pa. 68. Upon the second specification: Myers v. Kingston Coal Co., 126 Pa. 582. Upon the fourth specification: Eyre's App., 106 Pa. 184; Etter v. Greenawalt, 98 Pa. 422; Thompson v. Lloyd, 49 Pa. 127.

PER CURIAM:

We are asked to reverse this judgment for the reason, inter alia, that the question of law was not properly reserved. This

point should have been made at the time of the reservation. It will not do to acquiesce in the action of the court below, and then come here to complain of it. " When no exception is taken below to a point reserved, the presumption is that it was assented to as a true statement of the facts : " Insurance Co. v. Insurance Co., 71 Pa. 31. As the court entered judgment on the verdict, there is nothing here to show that it was error.

The third assignment alleges that the court erred in not answering defendant's points. This may be disposed of by the single remark that the assignment is not in accordance with the Rules of Court, and will not be considered. .

This leaves remaining only the question of jurisdiction. It was urged that, as the legacy was a charge on the land, the remedy of the plaintiffs was exclusively in the Orphans' Court. This objection does not appear to have been taken in the court below, and will not avail here, for the·plain reason that the plaintiffs are not proceeding against the land. If they were, the law is plain that they must proceed in the Orphans' Court. They are proceeding to enforce the personal liability of the defendant, resulting from his acceptance of the land. The law is thus stated in Etter v. Greenawalt, 98 Pa. 422: " Where a person accepts a devise which is coupled with a direction by the testator that a sum certain shall be paid by the devisee to a third party, he thereby becomes subject to a personal liability to pay said sum, which may be enforced against him in an action of debt instituted by said third party." To the same effect is Eyre's App. 106 Pa. 184.

Judgment affirmed.