Logan, Appellant, *v.* Glass.

Argued May 4, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Ralph L. Smith,* for appellant.

*Samuel G. Wagner,* of *Wagner & Wagner,* with him *Herbert Jacobson,* for appellee.

OPINION BY STADTFELD, J., June 28, 1939.

This is an appeal from a judgment of the Court of Common Pleas of Allegheny County entered in favor of defendant upon an affidavit of defense raising question of law on plaintiff's statement of claim in an action of assumpsit.

The facts in the case as set forth in the statement of claim are as follows: Elizabeth S. Cox, now deceased, by deed dated February 5, 1929, in consideration of the sum of $1, conveyed to her niece, Sarah Hooper Glass, defendant, a certain tract of land situate in Allegheny County. The conveyance contained the following provision: "This conveyance, however, is made subject to the payment of the sum of Fifteen Hundred ($1500) Dollars to Robert W. Logan, within one (1) year after my decease, as provided in my last Will and Testament."

Subsequently, on August 23, 1929, Elizabeth S. Cox executed and delivered a deed for the same property to said Sarah Hooper Glass, the defendant. This conveyance contains the following recital: "Being the same property heretofore conveyed in Deed dated February 5, 1929, and of record aforesaid in Deed Book Vol. 2395, page 25. This deed of conveyance being now made for the purpose of extinguishing the incumbrance of Fifteen Hundred ($1500) Dollars to which the said prior deed of conveyance was made subject to."

Elizabeth S. Cox died March 22, 1937, leaving a last will and testament dated March 18, 1931, which has been duly probated and recorded. This will contains the following: "Second: I give and bequeath to Robert W. Logan, son of Robert McA. Logan, Fifteen Hundred Dollars ($1500). This bequest is conditional and is to be paid only if it is found that for any reason a charge of Fifteen Hundred ($1500) Dollars referred to in a certain deed made by me to Sarah Hooper Glass which

in turn contrary to my intention was superseded by a second deed which did not carry the charge upon the land specifically directed in the first of the two said deeds, is not binding upon the said Sarah Hooper Glass and is not paid by her. It was and is my intention that the said Robert W. Logan shall receive the aforesaid sum of Fifteen Hundred Dollars ($1500) through the operation of law in the matter of the two deeds heretofore made by me to Sarah Hooper Glass, and further, it is my intention by the provisions of this will that the said Robert W. Logan shall in no event receive directly or indirectly out of my estate more than Fifteen Hundred Dollars ($1500) aforesaid."

It is averred that there is no real estate and that the personal property of the decedent will be practically exhausted after the payment of administration and other expenses.

Defendant's affidavit of defense suggests that plaintiff's statement of claim is insufficient in law for the reasons (1) that no proper cause of action is made out against defendant under the deeds and will set forth in the statement of claim, and (2) that "the charge upon the land was extinguished and released by Elizabeth S. Cox by deed as set forth in paragraph six of plaintiff's statement of claim." It is the theory of defendant, appellee herein, that the conveyance of February 5, 1929, vested no right in appellant which might properly serve as a basis for the present action, and that any right which appellant may have acquired thereby was revoked, released or extinguished by the second deed of August 23, 1929.

It is necessary to examine the provisions of the first conveyance in order to determine what rights or interests, if any, were created in appellant thereby, what right or power was reserved by the grantor under it, and what rights and obligations the grantee, appellee, acquired and assumed by acceptance thereof. The respective rights and obligations of the three parties turn

largely upon the construction of the provisions in the deed and upon the legal consequences of its acceptance.

It is well established in this Commonwealth that the words "subject to the payment" of money conditioning a devise of real estate ordinarily has the effect of creating a charge upon the land acquired thereby.[1] That the same principle applies where the land is acquired by deed or grant is not disputed.

However, it is equally well settled that the acceptance of a devise of land, charged with the payment of a legacy, creates a personal liability for its payment on the part of the devisee.[2] In *Lobach's Estate*, 6 Watts, 167, where the rule of personal liability was first established in this Commonwealth, the Supreme Court stated, at p. 173: "It has, however, been suggested, that if the devisee is to be held personally responsible, the land cannot be considered as bound. But surely, the two securities are not at all incompatible with each other; and there is no reason why both should not be bound for the payment of the money; equity certainly requires that the land should be, and the implied engagement of the devisee, arising from his acceptance of the devise is sufficient to hold him so in person." We can conceive of no reason why in the absence of countervailing circumstances or provisions, the same rule should not apply in the case of acceptance of land by deed or grant. Just as the acceptance of the devisee implies a promise to perform the condition on which the beneficiary may base his actions[3], so the acceptance of the grantee imposes upon him a contractual obligation for the benefit of another, whose legal position is that of a third party beneficiary to the contract of conveyance. And "where performance of a promise in a contract

---

[1] *Hodgson, Admr. v. Gemmil,* 5 Rawle 99; *Maxwell v. McClintock,* 10 Pa. 237; *Hammond's Estate,* 197 Pa. 119, 46 A. 935.

[2] *Hoover v. Hoover,* 5 Pa. 351; *Etter v. Greenawalt,* 98 Pa. 422; *Headley v. Renner,* 129 Pa. 542, 18 A. 549.

[3] See cases under footnote 2, supra.

will benefit a person other than the promisee that person is......a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is *to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance* neither due nor supposed or asserted to be due from the promisee to the beneficiary."[4] (Italics supplied). By the word *gift,* according to Comment (c) of Sec. 133 of the Restatement of the Law of Contracts, "is meant primarily *some performance or right* which is not paid for by the recipient and which is apparently designed to benefit him." (Italics supplied).

The view, suggested in the Restatement and prevailing in this country, that a donee beneficiary has an unqualified right of action to enforce the duty of the promisor to perform the promise, is now, and has been for some years, recognized by the appellate courts of this Commonwealth.[5] This right of action in a third person has long been recognized where money or property had been given over for his sole benefit. In the case of *Hoffa v. Hoffa,* 38 Pa. Superior Ct. 356, one brother conveyed to another a farm for the consideration of $1 named in the deed. At the time of the acknowledgment before a justice of the peace the grantee said, "That paper we make, too, before long." Subsequently, the grantee stated on different occasions that he had agreed with his brother when he received the farm to pay another brother and sister $1000 each. The Supreme Court held that the brother and sister could maintain a suit against the grantee's administrator for the money which the grantee had promised his brother to pay them. See also *Edmundson's Estate,* 259 Pa. 429, 103 A. 277.

---

[4] Restatement of the Law of Contracts, Sec. 133 (1a).

[5] *Com. v. Great Am. Indem. Co.,* 312 Pa. 183, 167 A. 793; *Philipsborn v. 17th and Chestnut Sts. Hold. Corp.,* 111 Pa. Superior Ct. 9, 169 A. 473.

In *Brill v. Brill,* 282 Pa. 276, 282, 127 A. 840, it has been held that a third person not a party to a contract could bring suit on it, even though the contract was under seal.

The question of law raised by the facts of the instant case requires a further investigation into the nature of the right of a third party beneficiary to a contract—the time of the vesting of the right and the defeasibility or indefeasibility of it. Light may thus be thrown upon the validity of appellee's position which seeks to set up the defense of discharge by release obtained from the promisor, Elizabeth S. Cox, under the subsequent deed of August 23, 1929.

The point here raised is presented in Williston's Treatise on the Law of Contracts (revised edition) Vol. II, Sec. 396, wherein it is stated, "The commonest defense, that of discharge by rescission or release, is different (from other defenses). In the case of a donee beneficiary it is like the attempted revocation of a gift. The promisor for good consideration has given the beneficiary a right. Later he seeks to take it away by procuring the extinction of the promise. If it be admitted that the beneficiary has a direct right of his own, it ought not to be extinguished without his consent. The only question can be, when does the beneficiary's right arise—when the promise for his benefit was made or when he was notified of it or assented to it? For unless a right has vested in the beneficiary before the rescission or release he cannot object. The question is analogous to that arising upon a gift of property or the creation of a trust for the benefit of another. As a gift is a pure benefit to the donee, there seems no reason why his assent should not be presumed.

"*According to this view the donee beneficiary acquires a right at once upon the making of the contract and that right becomes immediately indefeasible.* There is weight of authority in support of this view ......" (Italics supplied). See also Sec. 1455a. The text then

cites, by way of support, authorities from various jurisdictions, including *Brill v. Brill,* supra.

The facts in that case disclose that defendant had given a bond to the mother of an illegitimate child conditioned upon the undertaking to pay certain sums periodically for the support and maintenance of the child. The mother executed a release to the defendant for valuable consideration. Payments under the bond ceased. Suit was brought by the minor child, by his next friend. The Supreme Court held, inter alia, that the plaintiff did not lose his right of action and his interest in the bond by reason of the release given by his mother to the defendant, however binding the release may be as to the mother's interest.

In *Henderson v. McDonald,* 84 Ind. 237, husband and wife joined in conveying the wife's land to a son, who thereupon entered into a written agreement with them to provide for them while they lived, and at the expiration of one year after their deaths, to pay $700 to their daughter, and he also mortgaged the lands to them to secure the performance of his agreement. After the husband's death, the wife executed a release of the mortgage. The court held that the provision for the daughter was irrevocable by the parties who made it, and that the so-called release of the mortgage did not release the mortgagors from the payment of the money secured by it to the daughter, nor discharge the lien created by the mortgage in favor of the daughter. See also, *Waterman et al. v. Morgan et al.,* 114 Ind. 237.

The Restatement of the Law of Contracts states in Sec. 356, Comment b to subsection (1), "In the case of a contract for the benefit of a donee, it is the donee beneficiary only who has power to discharge his contractual right and his right to damages for breach, except when by the terms of the contract such a power is reserved to the promisee." Sec. 142, Comment a, states, "The reservation of power on the part of the promisee to change the beneficiary or otherwise to vary the terms of

a gift promise must ordinarily be expressed in specific terms."

In applying the above principles of law to the facts of the instant case, it is necessary to examine the terms of the contract or deed of conveyance under which appellee acquired her interest in the land, with a view to determining whether or not any provision was set forth therein, limiting the exercise of the right of action vested in appellant at the time of the acceptance of the conveyance by appellee. The relevant portion of the deed reads as follows, "This conveyance, however, is subject to the payment of the sum of Fifteen Hundred ($1500) Dollars to Robert W. Logan, within one (1) year after my decease, as provided in my last Will and Testament."

It appears to be the contention of appellee that the phrase, "as provided in my last Will and Testament" is the equivalent of an expressed reservation in specific terms, by the grantor-promisee of a power to discharge or release the grantee-promisor from his duty of performance to the beneficiary. The terms of the grantee's obligation, however, are clear and definite. The beneficiary is identified, the amount of the obligation is fixed and the time for performance is definitely ascertainable. The restricting phrase has only the force of preserving the power to alter the conditions of performance within the limitations set by the deed itself. In other words, some unessential details of administration were left to the provisions of the will. These details might conceivably include the fixing of a definite date within the one year following the demise of the grantor for performance of the obligation, or the arrangement of a schedule for installment payments within the one year. The failure to provide for such details in the will would not have made the obligation so vague or indefinite as to render it void. It would, however, require an unreasonable strain of language to construe the phrase as a reservation of power to revoke com-

pletely the entire benefit of the contractual right created by the deed itself. Certainly the words used in the deed are far from expressing the reservation of any such power in specific terms. An even greater straining of language would be involved in construing the phrase "as provided in my Last Will and Testament" into a reservation of power to revoke or release by instrument of deed or contract during the lifetime of the grantor. We are unwilling to construe the language used into a reservation of power to be exercised by deed or contract.

A closely analogous case to the present one is *Rynd v. Baker,* 193 Pa. 486, 489, 491, 44 A. 551. A grantor conveyed certain property in trust, the trustees to apply the income to the support of his family and himself and upon his death to convey the property to such beneficiaries as he shall by will appoint. The deed of trust reserved the general power of appointment by will in the grantor. The grantor executed a will wherein he exercised his power of appointment naming certain beneficiaries. Before he died, however, he made a conveyance of a certain portion of the trust property to another, not an appointee under the will. The Supreme Court stated that the exercise of the power of appointment was by will, that being the only manner in which he could exercise it under the terms of the deed; and that the interest of the beneficiaries could not be revoked by the subsequent conveyance, even though their enjoyment of the estate was postponed until after the death of the grantor. See also *Bailey's Estate,* 291 Pa. 421, 425, 140 A. 145. It follows, therefore, that the deed of August 23, 1929, purporting to extinguish "the encumbrance of Fifteen Hundred ($1500) Dollars to which said prior deed of conveyance was made subject to," is totally inoperative as a release or discharge of the grantee's obligation to the beneficiary.

The only instrument mentioned in the original deed, by which the conditions therein might in any way be

altered or supplemented through the reservation of a power to so do, is the last will and testament of the grantor. A plain reading of that will discloses that the conditions of the obligation created by the original deed were in no way altered or amended by the terms of the will. In fact, the same conditions were permitted to stand as originally stated and her original intention was therein reaffirmed.

What has been said with reference to the indefeasibility of appellant's contractual rights against appellee under the original deed, upon the latter's acceptance thereof, applies with equal force to the vesting of appellant's property right by way of an equitable charge upon the land. The charge became vested in the beneficiary concurrently with the vesting of the fee in the grantee.

In *Maxwell v. McClintock,* 10 Pa. 237, Robert Maxwell, testator, had devised lands to his wife, for life, and at her death, to his daughter in fee, subject to the payment of a legacy to his grandson, which he directed should be paid by his daughter one year after his wife's death. The court held that the charge in favor of the legatee vested together with the interest of the tenant in the remainder, because the estate was devised to both concurrently, but that the enjoyment is postponed until the period indicated. This holding is in accord with the general rule applying where payment is postponed not on account of the age or personal circumstances of the legatee, but for the benefit of the estate charged with it. It is evident from the nature of the instant case, that postponement of payment was solely for the benefit of the estate in fee acquired by the grantee, niece of the grantor. If the beneficiary of the charge, Robert W. Logan, had been placed in the position to enforce payment of the charge immediately, the grantee might have been forced to give up her estate entirely. The time of payment was consequently postponed for the protection of the grantee, and not for the protection of the beneficiary of the charge.

232

Insofar as the attempted extinguishment by the deed of August 23, 1929 was, as we have indicated, inoperative as a discharge of the grantee's contractual obligation to the beneficiary, to the same extent it is ineffective as a release of the charge upon the land.

While we are in accord with the statement of the court below that "the first deed created certain contractual rights in the parties, and an obligation in the defendant," we cannot agree that the said deed was testamentary in character insofar as the creation of any rights thereby in appellant is concerned. Nor do we agree that there was any effective revocation by the second deed of the rights and interests created in the original deed in favor of appellant.

Judgment reversed with a procedendo.