## Crane Co. v. National Casualty Co.

*Harry Fischer*, for plaintiff.

*H. Rook Goshorn*, for defendant.

PER CURIAM, March 17, 1941.—On March 30, 1937, the Keystone State Piping & Construction Co., Inc., entered into a written contract with the Congregation of the Mission of St. Vincent dePaul of Germantown, covering plumbing work in connection with the construction of Mary Immaculate Seminary Buildings, to be erected and constructed in Lehigh and Allen Townships, Northampton County, Pa.

On April 19, 1937, the Keystone State Piping & Construction Co., Inc., as principal, and the National Casualty Company, as surety, furnished a bond to the Congregation of the Mission of St. Vincent dePaul of Germantown, as obligee, conditioned not only for the faithful performance of the contract by the Keystone State Piping & Construction Co., Inc., but for the prompt payment "for all material and labor used in the specified construction", in case of default by the principal.

The Keystone State Piping & Construction Co., Inc., did not pay for all the material furnished by Crane Co., used in the specified construction. The Crane Co., plain-

tiff herein, brought this suit, as third party beneficiary, to enforce the condition for the payment of material claims, contained in the bond given to the Congregation of the Mission of St. Vincent dePaul.

Defendant seeks to evade liability by alleging, as new matter, in its affidavit of defense, that the bond was a private surety bond, for private construction—for the protection of the obligee only—and not for the protection of plaintiff, who had no right of action thereunder.

Plaintiff moved for judgment for want of a sufficient affidavit of defense, and asserts that it is "not a defense that the transaction was between private parties".

The modern, prevailing view, now the law in this Commonwealth, permitting recovery to a third party or donee beneficiary, was expressed in Commonwealth v. Great American Indemnity Co., 312 Pa. 183, where it was held that the true basis is to inquire if the bond contains a promise to pay money to an ascertainable person. If it does, the fact that he is a third person, who gave no consideration for the promise, does not prevent him from enforcing it.

Plaintiff is an ascertainable person, who furnished materials on the faith of defendant's promise to pay the materialmen and laborers. The bond gave anyone of that ascertained class the status, not of mere creditor beneficiary, but of direct promisee, who could avail himself of the right to enforce the promise, even though he was not named in the bond as a party thereto: Concrete Products Co. v. United States Fidelity & Guaranty Co., 310 Pa. 158, where a recovery was allowed although no statute authorized the bond, and plaintiff was not an obligee.

In an article on "Third Parties as Beneficiaries of Contractors' Surety Bonds" by Professor Arthur L. Corbin of Yale Law School, on page 667 of Selected Readings on the Law of Contracts, quoted with approval in the above-cited cases, he says:

"The words used in building contracts and in accompanying surety bonds are now usually such that they are, and should be, interpreted as a promise by the surety to pay laborers and materialmen in case of default by the contractor . . . in this class of cases it is sound policy to interpret the words liberally in favor of the third parties. . . . While this has not been done in the case of private construction, and while the courts should not on their own motion put such a provision into a private surety bond, they may well interpret a bond that is expressly conditioned on the payment of laborers and materialmen as being a promise to pay them and made for their benefit. The words reasonably permit it, and social policy approves it."

Defendant's new matter seeks further to set up the defense of discharge by release, because the obligee made alleged overpayments to the contractor, whereby its rights were prejudiced and it was thereby released from its liability under its bond.

Plaintiff did not lose its right of action and its interest in the bond by reason of the alleged breach by the obligee, without its consent. Plaintiff's right was acquired upon the making of the contract and the right became immediately indefeasible: Logan v. Glass, 136 Pa. Superior Ct. 221, 227, affirmed 338 Pa. 489.

The A. L. I. Restatement of Contracts states in §356, comment *b* to subsection (1) : "In the case of a contract for the benefit of a donee, it is the donee beneficiary only who has the power to discharge his contractual right and his right to damages for breach, except when by the terms of the contract such a power is reserved to the promisee."

The alleged breach of the obligee was totally inoperative as a release or discharge of the contractual obligation of defendant, to plaintiff, as beneficiary.

The affidavit of defense admits there is a balance of $3,124.59, with interest, due plaintiff by the Keystone State Piping & Construction Co., Inc., for materials used in the specified construction. The conclusions of law in

the new matter, that the bond was a private surety bond, under which plaintiff had no right of action, and the alleged breach of the obligee was a discharge of its obligation to plaintiff, are wholly insufficient as a defense to plaintiff's claim.

Plaintiff's rule for judgment for want of a sufficient affidavit of defense is made absolute.