**RUSH AND HALLORAN, INC.**
and
**Consolidated Insurance Agencies, Inc.**
v.
**DELAWARE VALLEY FINANCIAL CORPORATION.**
Civ. A. No. 26808.

United States District Court
E. D. Pennsylvania.
Jan. 22, 1960.

**64**

Charles M. Solomon, of Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for plaintiffs.

Aaron M. Fine, of Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This action is brought by plaintiffs as third-party beneficiaries under a written agreement between defendant and North American Acceptance Corporation (hereinafter "NAAC"), a Pennsylvania corporation, for an injunction, an accounting, and damages for breach of contract. Plaintiffs assert that under a contract dated January 17, 1959, the defendant agreed that, for a period of two years from that date, it would place all insurance in connection with contracts financing mobile homes which it should acquire from any source other than NAAC through Rush and Halloran, Inc. (hereinafter "R & H"), a District of Columbia corporation, or such other insurance company or agency as may be designated in writing, from time to time, by NAAC. In consideration of such agreement, NAAC agreed to pay a 20% commission on the gross premium to the designee of defendant. NAAC designated Consolidated Insurance Agencies, Inc. (hereinafter "Consolidated"), a Georgia corporation, as the agency through which the defendant should place all insurance in connection with transactions originating in the Commonwealth of Pennsylvania for the financing of mobile homes. R & H and Consolidated are wholly-owned subsidiaries of NAAC.

The Complaint alleges that NAAC has fully performed under the agreement, but that defendant has failed to place all insurance in connection with transactions originating in the Commonwealth of Pennsylvania for the financing of mobile homes with Consolidated and that the defendant has failed to place all insurance in connection with transactions

originating outside the Commonwealth of Pennsylvania for the financing of mobile homes with R & H.

Defendant has moved to dismiss on two grounds. The first is that plaintiffs have failed to join an indispensable party plaintiff, namely, NAAC. It asserts that since NAAC is a Pennsylvania corporation, its joinder would destroy diversity of citizenship and accordingly require dismissal of the Complaint. The second is that plaintiffs have failed to state a claim upon which relief can be granted, since they have never been licensed to act as insurance brokers in the Commonwealth of Pennsylvania. Defendant claims this is a condition precedent to their right to maintain this action. Similarly, plaintiffs have never been licensed as insurance agents in Pennsylvania, which defendant asserts also bars recovery for business transacted in Pennsylvania. Since this part of the motion raises facts outside the Complaint, defendant has requested the court, pursuant to Rule 12(b), 28 U.S.C.A., to consider those facts and treat the motion as one for summary judgment.

██ The right of the plaintiffs to institute this suit as donee beneficiaries of a contract between NAAC and the defendant depends upon that law which is the source of the substantive rights on which their claim is based. It is not disputed that this is the law of Pennsylvania in the instant case. The right of a donee third-party beneficiary to bring suit to enforce his rights under a contract in Pennsylvania cannot be challenged. Logan v. Glass, 1939, 136 Pa. Super. 221, 7 A.2d 116, affirmed 1940, 338 Pa. 489, 14 A.2d 306; 8 P.L.E. Contracts § 164, pp. 210–212. Defendant asserts, however, that NAAC has an interest in the controversy "of such a nature that a final decree cannot be made without neither affecting that interest or leaving the controversy in such a doubt that its final termination may be wholly inconsistent with equity and good conscience," and is, therefore, an indispensable party. Shields v. Barrow, 1854, 17 How. 129, 139, 58 U.S. 129, 15 L.Ed. 158, cited with approval in Brodsky v. Perth Amboy National Bank, 3 Cir., 1958, 259 F.2d 705. See, also, the discussion in State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421.

██ The plaintiffs' claims are clearly distinct and severable from any NAAC might have, although they arise out of the same contract. It is quite possible to isolate and determine their damages and frame a decree granting the requested injunctive relief without affecting any of NAAC's rights.[1] Defendant can still raise the defense that NAAC has breached its contract, thereby excusing defendant from performing its obligations, without making NAAC a party to the action. The courts recognize the desirability of having all defendant's rights and duties under the contract determined in a single suit as a matter of sound judicial administration and the Federal Rules of Civil Procedure are designed to

1. The situation before the court in Alden Co. v. Central Power Electric Cooperative, D.C.D.N.D.1956, 137 F.Supp. 924, relied upon by the defendant, is quite different from the facts of the case now before this court. That case involved a supplement to a contract for services which permitted the person, who was not a party to the suit, to subcontract to the plaintiff part of its obligations to the defendant. The defendant was to pay the plaintiff directly but on the basis of certified statements submitted by the prime contractor. The latter was not relieved of any of its obligations under the original contract and the division of duties between the plaintiff and the prime contractor was not clearly defined. There was a ceiling on the total amount payable by the defendant for all services rendered under the contract. Since the division of the rights and duties of the plaintiff and the prime contractor was vague and uncertain, it was subject to dispute. Thus there were dangers of the defendant paying twice for the same services or possibly of the prime contractor not being compensated for the services it performed. Under these circumstances, the court held that the prime contractor was an indispensable party because it had a "joint interest" with the plaintiff under the contract.

accomplish this whenever possible. See F.R.Civ.P. 18–24. But the judiciary also has an obligation to provide anyone with a bona fide claim a forum in which to seek redress. Because of the jurisdictional and venue limitations on our courts, in many cases the more parties that are required to participate in a suit, the more difficult it is for a court to satisfy the jurisdictional and venue requirements. Therefore, the scope of the concept of an "indispensable party" cannot be too broad but must be limited to include only those whose interests are so involved in the issue at hand that it is better that there be no court with jurisdiction over an action than that it be allowed to proceed without them. The policies favoring the resolution of all of the claims of different persons arising out of a common contract in the same suit are not as great as those favoring the availability of a forum for every bona fide claimant.[2]

This court is also of the opinion that it would be improper to dismiss this suit as to either plaintiff on the present record for failure to state a claim upon which relief can be granted. A fair reading of paragraph 7 of the contract seems to indicate that it requires defendant's designees, but not NAAC's designees, to be properly licensed insurance brokers or agencies. The meaning of this clause is certainly open to dispute and cannot be resolved on the record at this time. Furthermore, it is possible to conceive of situations in which the defendant might be obligated under the contract to place insurance with each of the plaintiffs and plaintiffs could place it without doing insurance business in Pennsylvania. Plaintiffs are entitled to an opportunity to show such situations in the absence of anything unchallenged in the record eliminating these possibilities.[3] Finally,

the fact that the contract between NAAC and the defendant, on which the plaintiffs' claims are based, was made in Pennsylvania does not alone indicate that they were doing business in that state in violation of the insurance laws. See American Universal Ins. Co. v. Sterling, supra, at page 161.

Order

And now, January 22, 1960, it is ordered that defendant Delaware Valley Financial Corporation's motion to dismiss (Document No. 4 is denied.

2. While the joinder of NAAC in the case at bar would divest the federal courts of jurisdiction because the requisite diversity of citizenship would be destroyed, it would appear that the plaintiffs could pursue their claim in the state courts. This would not be so on other sets of facts, however, and these situations must

be kept in mind, although the instant case is this court's immediate concern.

3. Compare the facts in American Universal Ins. Co. v. Sterling, 3 Cir., 1953, 203 F.2d 159, 163–165, cited at page 8 of defendant's brief in support of its motion.