529 A.2d 487

**Marie T. BIGGINS**

v.

**Murray J. SHORE and Angelo D. Guerra, Individually and T/A Shore & Guerra Realtors, Appellants.**

Superior Court of Pennsylvania.

Argued April 22, 1987.

Filed July 27, 1987.

John J. Yannacone, Media, for appellants.

Richard M. Bockol, Philadelphia, for appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

POPOVICH, Judge:

This is an appeal by defendants-appellants, Murray J. Shore and Angelo D. Guerra, individually and trading as Shore and Guerra Realtors, from an order entered in the Delaware County Court of Common Pleas granting plaintiff-appellee's, Marie T. Biggins' motion for summary judgment. We affirm.

On April 10, 1985, appellee filed a complaint in assumpsit against appellants. In her complaint, appellee asserted that she was a third-party beneficiary of a contract between her

late husband, Robert A. Biggins, and the appellants, concerning the purchase by appellants of Mr. Biggins' partnership in Biggins, Shore and Guerra. On June 25, 1985, appellants answered appellee's complaint and raised new matter explaining that the original agreement had been modified pursuant to a subsequent agreement entered into by Robert A. Biggins and the appellants. On July 11, 1985, appellee filed a reply to appellant's new matter, arguing that the modification was ineffective.

Appellee filed a motion for summary judgment on March 5, 1986. On September 19, 1986, an order granting appellee's motion for summary judgment was entered by the Honorable William R. Toal, Jr., of the Court of Common Pleas of Delaware County, and this appeal followed.

Appellant presents three issues for our review on appeal: (1) whether the trial court erred in concluding that appellants' power of acceptance under an option contract was terminated upon the death of the offeror; (2) whether the trial court erred in failing to conclude that Robert Biggins' grant of an option contract to the appellants, entitled an "Award of Options", constituted a valid gift inter vivos; and, (3) whether the trial court erred in granting appellee's motion for summary judgment since there is a genuine issue as to several material facts.

Pennsylvania Rule of Civil Procedure 1035(b) provides that a motion for summary judgment may only be granted:

[I]f the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.

In *Waldman et al. v. Shoemaker et al.*, 367 Pa. 587, 589, 80 A.2d 776, 777 (1951), the Pennsylvania Supreme Court ruled that a motion for summary judgment on the pleadings should be granted only in a case that is clear and free from doubt. In ruling on a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a

general issue of material fact must be resolved against the moving party. *Davis v. Pennzoil Co.*, 438 Pa. 194, 202, 264 A.2d 597, 601 (1970).

Viewed in the light most favorable to the appellants, as the non-moving parties in the instant case, the record shows the following:

On October 26, 1979, Robert A. Biggins, appellee's late husband, entered into a written agreement with appellants, Murray J. Shore and Angelo D. Guerra, setting out the details concerning the purchase by the appellants of Biggins' partnership interest in Biggins, Shore & Guerra, a realty firm.

Paragraph 4(d) of said agreement provided that:

Commencing June 1, 1980, S–G shall pay to Biggins for life the sum of Thirty-five ($35.00) Dollars on each settlement held on or after June 1, 1980, on any type of transaction, said sum to be paid within five (5) days after settlement. Upon the death of Biggins, the said Thirty-five ($35.00) Dollars payment shall continue and be paid to Marie T. Biggins for her life. In the event of the death of Biggins and Marie T. Biggins, within six (6) years of the date of this Agreement, the Thirty-five ($35.00) Dollars payment shall be paid to Robert G. Biggins, as Trustee for Anthony Biggins, Thomas Biggins and Jonathan Biggins. These payments to Robert G. Biggins as Trustee shall continue for a period of six (6) years. (Plaintiff's Complaint, Exhibit A).

On or about June 3, 1982, Robert Biggins delivered a sealed envelope to appellant, Angelo D. Guerra. On the outside of said envelope, the following words appeared:

To be opened only at the death of Robert A. Biggins. (Plaintiff's Complaint, Exhibit A).

Appellant Guerra gave the envelope to his wife, Martha Guerra, for safekeeping.

Following the death of Robert Biggins on May 17, 1984, Mrs. Guerra opened the envelope and found enclosed a

document handwritten and signed "Robert A. Biggins". The document, dated June 3, 1982, read as follows:

To: Murray J. Shore and Angelo D. Guerra

From: Robert A. Biggins

Subject: Award of Options under an Agreement dated 26 October, 1979, between Robert A. Biggins, Murray J. Shore and Angelo D. Guerra

1. I hereby award you the following options to be exercised by you within 30 days of notification of my death opting for either A or B option.

    A. Keep in full force and effect Paragraph 4B, 4C and 4D under the above mentioned agreement.

    B. Change Paragraph 4C of the agreement to read. Upon the death of Biggins pay the sum of (fifteen) $15.00 Dollars to St. Joseph's Preparatory School 18th and Girard Avenue, Philadelphia, PA on each settlement for a period of not less than (three) 3 years. Change Paragraph 4A and Paragraph 4C to read as follows: Any sums of money not paid to Robert A. Biggins under Paragraph 4B and 4C shall not be paid to the estate of Robert A. Biggins but a lump sum of $500.00 (Five Hundred) Dollars shall be paid to St. Joseph's Preparatory School if the sum payable to Robert A. Biggins shall exceed $500.00. Any sums payable to Robert A. Biggins under $500.00 shall be paid to St. Joseph's Preparatory School.

2. If you choose to exercise Option B, I hereby release you from all claims that may be brought against you and release you from the obligations of Option A.

3. All other Terms and Conditions of the Agreement shall remain in full force and effect.

My Hand and Seal Affixed 3 June 1982.

Robert A. Biggins

Within thirty (30) days following the death of Robert Biggins, the appellants notified St. Joseph's Preparatory School that they exercised their option pursuant to Option B. Under Option B, appellants were required to pay fifteen ($15.00) dollars per real estate settlement to St. Joseph's

Preparatory School for a minimum of three (3) years instead of paying the thirty-five ($35.00) dollars per settlement to Marie T. Biggins for the duration of her life, as stated in the original agreement between the parties.

After a careful study of the record, we find that the pleadings present a case that is clear and free from doubt and that a summary judgment is proper.

The trial court held that appellee, Marie T. Biggins, is a third-party beneficiary of the October 26, 1979, agreement between her husband, Robert A. Biggins, and appellants, Murray J. Shore and Angelo D. Guerra, concerning the purchase by appellants of Biggins' partnership interest in Biggins, Shore & Guerra. The trial court further held that the original contract between Robert Biggins and appellants could not be modified by the attempted delivery of the alleged option contract, opened upon the death of Robert Biggins. We agree.

■ According to the October 26, 1979, agreement between Robert Biggins and appellants, appellee, Marie T. Biggins, is clearly shown to be an intended third-party beneficiary of the agreement. Paragraph 4D states:

> Commencing June 1, 1980, S–G shall pay to Biggins for life the sum of Thirty-five ($35.00) Dollars on each settlement held on or after June 1, 1980, on any type of transaction, said sum to be paid within five (5) days after settlement. Upon the death of Biggins, the said Thirty-five ($35.00) Dollars payment shall continue and be paid to Marie T. Biggins for her life. (Plaintiff's Complaint, Exhibit A).

In addition, in their answer to plaintiff's complaint, appellants themselves concede that the appellee was a third-party beneficiary of the original agreement.

Under the original agreement, appellee became a donee beneficiary since the beneficial performance comes without cost to herself as a donation from the promisee, Robert Biggins.[1]

1. Corbin, *Corbin on Contracts* § 782 (1952).

In Pennsylvania, a third-party donee beneficiary has a right of action to enforce the duty of the promisor to perform the promise. *Ohio Cas. Ins. Co. v. Bank Bldg. & Equipment Corp. of America,* 300 F.Supp. 632 (W.D.Pa. 1968); *Logan v. Glass,* 136 Pa.Super. 221, 7 A.2d 116 (1939), affirmed 338 Pa. 489, 14 A.2d 306 (1940). A third party beneficiary acquires the right immediately upon the making of the contract, and, at that point, the right becomes indefeasible. *Pennsylvania Supply Co. v. National Casualty Co.,* 152 Pa.Super. 217, 31 A.2d 453 (1943); *Logan v. Glass,* supra. In *Logan v. Glass,* supra, the court also ruled that, where a contract is executed in favor of a third-party donee beneficiary, the third-party donee beneficiary alone has the power to discard his contractual rights and his right to damages for breach of contract, except, where by terms of the contract, such power is reserved to the promisee.

Thus, in the instant case, we find that appellee, as a third-party donee beneficiary, has a right to enforce appellants' promise to pay her thirty-five ($35.00) dollars on each settlement entered into by Shore & Guerra Realty after her husband's death on May 17, 1984 and for the remainder of her life. In this case, the promisee, Robert Biggins, did not retain the power to discharge or modify by subsequent agreement the promise or duty owed to appellee, as a third-party beneficiary, within the terms of the original agreement.

Even if the promisee, Robert Biggins, had retained the power to discharge or modify by subsequent agreement the duty owed to appellee, we find that a valid option contract does not exist as appellants contend.

It is fundamental contract law that, for a valid contract to exist, there must be an offer and an acceptance which signifies that there has been a "meeting of the minds". Without such assent, no enforceable contract can exist. *Triffin v. Thomas,* 316 Pa.Super. 273, 280, 462 A.2d 1346,

1350 (1983). In the instant case, there is no acceptance of the alleged option contract.

■ An option is an offer which, when accepted, is a valid and binding contract. *In re Intermet Realty Partnership,* 26 B.R. 383 (Bankr.E.D.Pa.1983). *Accord In re: Francis E. Roswog,* 48 B.R. 689 (Bankr.M.D.Pa.1985); *Salzman v. Miller,* 64 Lanc.Rev. 241 (Pa.Com.Pl.1974).

■ We find no acceptance of the alleged option contract in the instant case. Under general contract law, an offer, in order to be validly accepted, must be communicated to the offeree prior to the death of the offeror. *Cohen v. Goldberg,* 431 Pa. 192, 244 A.2d 763 (1968). However, appellants contend that the rule is not applicable to and does not effect the validity of option contracts. Restatement 2d of Contracts, Section 48, comment d. In this regard, appellant further contends that Section 37 of the Restatement Second of Contracts states the following:

§ 37. Termination of Power of Acceptance Under Option Contract

Notwithstanding §§ 38–49, the power of acceptance under an option contract is not terminated by rejection or counter-offer, by revocation, or by death or incapacity of the offeror, unless the requirements are met for the discharge of a contractual duty.

However, we found no cases to show that Pennsylvania follows these sections of the Restatement 2d of Contracts. Rather, in *Bosses et al. v. Mahalsky et al.,* 365 Pa. 184, 74 A.2d 93 (1950), the Pennsylvania Supreme Court held that the option in question was defective and this defect became incurable by the optionor's death.

■ Finally, appellants contend in the alternative, that the "Award of Options" granted to appellants by Robert Biggins, constituted a valid gift inter vivos. We disagree.

In order for a valid gift to occur, there must be a donative intent on the part of the donor and delivery of the subject matter to the donee. *Wagner v. Wagner*, 466 Pa. 532, 537, 353 A.2d 819, 821 (1976). In the case at bar, Robert Biggins may have intended to make a gift to appellants by offering them the option of paying a lesser amount per settlement to St. Joseph's Preparatory School for a minimum of three (3) years, whereas, under the original agreement, appellants were required to pay appellee, Marie T. Biggins, thirty-five ($35.00) dollars per settlement for the duration of her life. However, there could never be a delivery of said gift to appellants since appellee's right to the money under the original contract became indefeasible immediately upon the making of the contract. *Ohio Cas. Ins. Co. v. Bank Bldg. & Equipment Corp. of America*, supra; *Logan v. Glass*, supra. Therefore, we find that Robert Biggins had no inter vivos gift to deliver to appellants.

Order affirmed.